IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GOVERNMENT OF CANADA, *ET AL.*, | ) |
| Plaintiffs, | ) |
| and | ) |
| CANFOR CORP. *ET AL.*, | ) |
| Plaintiff-intervenors, | ) |
| v. | ) Court No. 23-00187 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, | ) |
| Defendant-Intervenor. | ) |

**ORDER**

On consideration of the partial consent motion to intervene as of right filed by AJ Forest Products Ltd. and ER Probyn Export Limited, Rayonier A.M. Canada G.P., and Scierie Alexandre Lemay & Fils Inc., it is hereby

ORDERED that the motion is denied.


Dated: _____, 2023
      New York, NY	      JENNIFER CHOE-GROVES, JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GOVERNMENT OF CANADA, *ET AL.*, | ) |
| Plaintiffs, | ) |
| and | ) |
| CANFOR CORP., *ET AL.*, | ) |
| Plaintiff-intervenors, | ) |
| v. | ) Court Nos. 23-00187 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT'S OPPOSITION TO AJ'S MOTION TO INTERVENE**

Pursuant to Rules 7 and 24 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court deny the motion to intervene filed by AJ Forest Products Ltd. and ER Probyn Export Limited, Rayonier A.M. Canada G.P., and Scierie Alexandre Lemay & Fils Inc. (collectively AJ). ECF No. 59 (Ct. No. 23-00187); ECF No. 62 (Ct. No. 23-00188) (Mot.). AJ may not intervene as of right because it does not qualify as a "party to the proceeding in connection with which [this] matter arose," as required by 28 U.S.C. § 2631(j)(1)(B).

## BACKGROUND

AJ maintains only that it "requested administrative review of their entries of subject merchandise subject to the antidumping duty order on softwood lumber from Canada."  Mot. at 3; *see also* Exhibit 1 at 1 (P.R. 40, Lemay); *id*. at 6 (P.R. 42, Rayonier); *id*. at 11 (P.R. 139, AJ); *id*. at 14 (P.R. 140, Probyn).  AJ does not contend that it submitted anything else to Commerce during the underlying administrative proceeding.  *See generally* Mot.

## ARGUMENT

AJ's requests for review were insufficient to establish standing to intervene as a "party to the proceeding," under the governing statute and thus the Court should deny their motion to intervene.  28 U.S.C. § 2631(j)(1)(B).  "Party to the proceeding" is defined as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding." 19 C.F.R. § 351.102(b)(36).  The definition therefore requires "active" participation and allows a party to satisfy that requirement in either of two ways—submission of "factual information" or submission of "written argument."

AJ did neither.

First, it does not contend that it submitted any "written argument" to Commerce during the proceeding.

Second, AJ proffered no factual information.  "Factual information" is "[e]vidence, including statements of fact, documents, and data submitted either in support of allegations, or, to rebut, clarify, or correct such evidence submitted by any other interested party."  19 C.F.R. § 351.102(b)(21)(ii).  AJ's request for review do not meet this standard.  *See* Ex. 1 at 1, 6, 11, 14.  Indeed, the requests do not include any of the requisite "evidence in support of allegations" or

responsive evidence "to rebut, clarify, or correct such evidence." 19 C.F.R. § 351.102(b)(21)(ii); *see also id*. §§ (b)(21)(i)-(v).

In the one published decision in which Court addressed the same fact pattern, it concluded that a virtually identical "bare bones request" was insufficient to establish that the movant had "actively participate[d]" administratively by submitting "factual information." *Dongkuk Steel Mill Co. v. United States*, 567 F. Supp. 3d 1359, 1364 (Ct. Int'l Trade 2022) (denying domestic petitioner's motion to intervene). Important here, the Court reasoned that the regulatory definition of "factual information" controlled, *id*. (citing *Matsushita Elec. Indus. Co. v. United States*, 529 F. Supp. 664, 668 (Ct. Int'l Trade 1981); *Nucor Corp. v. United States*, 516 F. Supp. 2d 1348, 1351 (C t. Int'l Trade 2007)), and that the mere request for a review was insufficient to meet this standard.

In *Dongkuk*, as in this case, the movant had submitted to Commerce a request for review. And as in this case, the movant in *Dongkuk* merely identified itself to establish that it was an interested party, and further identified the entities for which it was requesting a review. *See Dofasco Inc. v. United States*, 519 F. Supp. 2d 1284, 1289 (Ct. Int'l Trade 2007) (explaining that "by requiring a person to meet the 'party to the proceeding' standard rather than a more lenient standard such as one requiring only that the person be an 'interested party,' Congress intended that participation in the [administrative proceeding] would consist of more than procedural steps taken in contemplation of later participation") (citation omitted).

Finally, we acknowledge that, in some cases the Government has not opposed intervention under similar circumstances. For instance, in *Dongkuk*, the Government had consented to intervention whereas *Dongkuk* opposed. *Dongkuk Steel Mill Co., Ltd. v. United States*, No. 22-00032 (Ct. Int'l Trade), ECF No. 25. Nevertheless, the Government's litigation

position does not equate to agency practice that warrants deference.  *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 213 (1988).  In contrast, a straightforward reading of the governing statute and regulations compels the conclusion that the NB Respondents are not entitled to intervene as of right in this case.

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny the motion to intervene.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/  CLAUDIA BURKE
Deputy Director

OF COUNSEL:

ELIO GONZALEZ
Attorney
Office of the Chief Counsel for Trade
Enforcement and Compliance
United States Department of Commerce

/s/  STEPHEN C. TOSINI
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-5196
Fax: (202) 305-2062
Email: stephen.tosini@usdoj.gov

November 27, 2023

Attorneys for Defendant, United States

4