| | |
|---|---|
| GOVERNMENT OF CANADA, GOVERNMENT OF ALBERTA, GOVERNMENT OF QUEBEC, BRITISH COLUMBIA LUMBERTRADE COUNCIL, FONTAINE INC., INTERFOR CORP., and INTERFOR SALES AND MARKETING LTD., <br><br> Plaintiffs, <br><br> and <br><br> CANFOR CORP. and GOVERNMENT OF ONTARIO, ET AL., <br><br> Plaintiff-Intervenors, <br><br> and <br><br> AJ FOREST PRODUCTS LTD., ER PROBYN EXPORT LTD., RAYONIER A.M. CANADA G.P., and SCIERIE ALEXANDRE LEMAY & FILS INC., ET AL. <br><br> Proposed Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS and SIERRA PACIFIC INDUSTRIES, <br><br> Defendant-Intervenors. | Ct. No. 23-00187 |

**REPLY TO DEFENDANT'S AND DEFENDANT-INTERVENOR'S COMMENTS IN OPPOSITION TO AJ FOREST PRODUCTS LTD., ER PROBYN EXPORT LIMITED, RAYONIER A.M. CANADA G.P., AND SCIERIE ALEXANDRE LEMAY & FILS INC.'S PARTIAL CONSENT MOTION TO INTERVENE**

December 4, 2023

Yohai Baisburd
Myles S. Getlan
James E. Ransdell
**CASSIDY LEVY KENT (USA) LLP**
900 19th Street NW
Suite 400
Washington, DC 20006
(202) 567-2300

*Counsel to AJ Forest Products Ltd., ER Probyn Export Limited, Rayonier A.M. Canada G.P., and Scierie Alexandre Lemay & Fils Inc.*

**Table of Contents**

|     |     | Page |
| --- | --- | --- |
| I.  | The Proposed Plaintiff-Intervenors Were "Parties to the Proceeding" Within the Meaning of the Statute ................................................................................................2 |
|     | A. Commerce's Regulatory Definitions Are Not Controlling, But to the Extent They Guide the Court's Analysis, Proposed Plaintiff-Intervenors Participated by Submitting Factual Information ............................................................................................... 2 |
|     | B. Commerce Relied on Proposed Plaintiff-Intervenors' Factual Information Throughout the Administrative Proceeding .................................. 6 |
|     | C. Opponents of Proposed Plaintiff-Intervenors' Partial Consent Motion Identify No Controlling Authority in Support of Their Position ................................................................................................... 7 |
| Conclusion ............................................................................................................................9 |

# Table of Authorities

Page(s)

Statutory Provisions

19 U.S.C. § 1677(9)(A) .................................................................................................. 2-3

28 U.S.C. § 2631(j)(1)(B) ............................................................................................. *passim*

Regulatory Provisions

19 C.F.R. § 351.102(b)(21) ................................................................................................. 5

19 C.F.R. § 351.102(b)(21)(ii) ............................................................................................ 5

19 C.F.R. § 351.102(b)(21)(v) ......................................................................................... 5-6

19 C.F.R. § 351.102(b)(36) ............................................................................................. 3-4

19 C.F.R. § 351.213(b)(2) ................................................................................................... 6

19 C.F.R. § 351.213(c)(2) ................................................................................................... 6

Court Decisions

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984) .................................................................................................................................... 3

*City of Wilmington v. United States*, 68 F.4th 1365 (Fed. Cir. 2023) ............................... 3

*Dofasco Inc. v. United States*, 519 F. Supp. 2d 1284 (Ct. Int'l Trade 2007) .................................................................................................................................... 8

*Dongkuk Steel Mill Co. v. United States*, 567 F. Supp. 3d 1359 (Ct. Int'l Trade 2022) ......................................................................................................................... 7

*Hor Liang Indus. Corp. v. United States*, 337 F. Supp. 3d. 1310 (Ct. Int'l Trade 2018) ......................................................................................................................... 3

*Nucor Corp. v. United States*, 516 F. Supp. 2d 1348 (Ct. Int'l Trade 2007) .................................................................................................................................... 8

*Qingdao Taifa Group Co. v. United States*, 580 F. Supp. 2d 1342 (Ct. Int'l Trade 2008) ................................................................................................................... 2-3

*Sunpower Corp. v. United States*, 128 F. Supp. 3d 1333 (Ct. Int'l Trade 2015) .................................................................................................................................... 4

Administrative Determinations

*Certain Softwood Lumber Products From Canada*, 88 Fed. Reg. 50,106 (Aug. 1, 2023) .................................................................................................................. 6-7

*Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 13,252 (Mar. 9, 2022) .................................................................................6

Other Legislative Materials

H. Rept. 96-1235 (1980) ......................................................................................................3

Court Rules

Rule 24(a)(1) .......................................................................................................................2

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| GOVERNMENT OF CANADA, GOVERNMENT OF ALBERTA, GOVERNMENT OF QUEBEC, BRITISH COLUMBIA LUMBERTRADE COUNCIL, FONTAINE INC., INTERFOR CORP., and INTERFOR SALES AND MARKETING LTD., <br><br>  Plaintiffs, <br><br> and <br><br> CANFOR CORP. and GOVERNMENT OF ONTARIO, ET AL., <br><br>  Plaintiff-Intervenors, <br><br> and <br><br> AJ FOREST PRODUCTS LTD., ER PROBYN EXPORT LTD., RAYONIER A.M. CANADA G.P., and SCIERIE ALEXANDRE LEMAY & FILS INC., ET AL. <br><br>  Proposed Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br>  Defendant, <br><br> and <br><br> COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS and SIERRA PACIFIC INDUSTRIES, <br><br>  Defendant-Intervenors. | Ct. No. 23-00187 |

### REPLY TO DEFENDANT'S AND DEFENDANT-INTERVENOR'S COMMENTS IN OPPOSITION TO AJ FOREST PRODUCTS LTD., ER PROBYN EXPORT LIMITED, RAYONIER A.M. CANADA G.P., AND SCIERIE ALEXANDRE LEMAY & FILS INC.'S PARTIAL CONSENT MOTION TO INTERVENE

AJ Forest Products Ltd., ER Probyn Export Limited, Rayonier A.M. Canada G.P., and Scierie Alexandre Lemay & Fils Inc. (collectively, "Proposed Plaintiff-Intervenors"), hereby submit comments in reply to Defendant's and Defendant-Intervenor's responses in opposition to Proposed Plaintiff-Intervenors' partial consent motion to intervene in this action. *See* "Defendant's Opposition to AJ's Motion to Intervene," ECF Doc. 82 (Nov. 27, 2023) ("Defendant's Opposition to Partial Consent Motion"); "Response in Opposition to Motion to Intervene," ECF Doc. 83 (Nov. 27, 2023) ("Defendant-Intervenor's Opposition to

- 1 -

Partial Consent Motion"). The only issue in dispute is whether Proposed Plaintiff-Intervenors can be characterized as "parties to the proceeding" within the meaning of this Court's constituent statute. Because Proposed Plaintiff-Intervenors participated in the administrative review by submitting statements of fact on which Commerce relied in initiating the proceeding and assigning new antidumping rates to Proposed Plaintiff-Intervenors, Proposed Plaintiff-Intervenors were parties to the proceeding. As such, Proposed Plaintiff-Intervenors have a statutory right to intervene in this action on the side of Plaintiff.

I. **THE PROPOSED PLAINTIFF-INTERVENORS WERE "PARTIES TO THE PROCEEDING" WITHIN THE MEANING OF THE STATUTE**

All parties agree that USCIT Rule 24(a)(1) permits parties to intervene in an action if a statute of the United States confers an unconditional right to intervene, and that 28 U.S.C. § 2631(j)(1)(B) provides such a right to "an interested party who was a party to the proceeding in connection with which the matter arose." *See* Defendant's Opposition to Partial Consent Motion at 2; Defendant-Intervenor's Opposition to Partial Consent Motion at 2-3. No party disputes that Proposed-Plaintiff Intervenors are "interested parties" within the meaning of 19 U.S.C. § 1677(9)(A). *See* Defendant's Opposition to Partial Consent Motion at 2; Defendant-Intervenor's Opposition to Partial Consent Motion at 3. The only point at issue is whether Proposed-Plaintiff Intervenors qualify as "parties to the proceeding" within the meaning of 28 U.S.C. § 2631(j)(1)(B). *See* Defendant's Opposition to Partial Consent Motion at 2-4; Defendant-Intervenor's Opposition to Partial Consent Motion at 3-7.

    A. **Commerce's Regulatory Definitions Are Not Controlling, But to the Extent They Guide the Court's Analysis, Proposed Plaintiff-Intervenors Participated by Submitting Factual Information**

Proposed-Plaintiff Intervenors were "parties to the proceeding" and thus satisfy the statutory prerequisites to intervene as of right. The statute "does not define 'party to the proceeding.'" *Qingdao Taifa Group Co. v. United States*, 580 F. Supp. 2d 1342, 1344 (Ct.

Int'l Trade 2008). The accompanying legislative history provides little in the way of further clarity, *see* H. Rept. 96-1235 (1980) at 22, 52-53, but it is hard to conceive of a policy reason for precluding a party that requested to be included in an antidumping proceeding and is subject to the resulting antidumping duty rate from appearing in an appeal of that rate.[1] While courts have, in the past, referred to the definition of "party to the proceeding" appearing in Commerce's regulations at 19 C.F.R. § 351.102(b)(36) when interpreting the text of 28 U.S.C. § 2631(j)(1)(B), Commerce's regulations do not control this Court's construction of a statute administered by the Court itself. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984) (deference embraces only "an agency's construction of the statute which *it administers*…") (emphasis supplied); *Hor Liang Indus. Corp. v. United States*, 337 F. Supp. 3d. 1310, 1318 & n.11 (Ct. Int'l Trade 2018) ("*Chevron* deference does not apply to Commerce's regulatory definition {of 'party to the proceeding'} because Commerce does not administer the standing statute").

In the first instance, the plain meaning of the statutory phrase "party to the proceeding" would easily encompass Proposed Plaintiff-Intervenors. Each party requested to be included at the outset of the proceeding, Commerce agreed to initiate a review of each party's antidumping duty rate, and ultimately assigned each party a new antidumping duty rate (*i.e.*, the "not individually examined" rate) based on the final results of the proceeding.[2] To be clear, neither Defendant nor Defendant-Intervenor asserts, or could assert, that

---

[1] The exhaustion principles of 28 U.S.C. § 2637(d) already generally prevent entities from raising arguments that had not been pressed administratively. As this court has recognized, the two hurdles are distinct. *See Hor Liang Indus. Corp. v. United States*, 337 F. Supp. 3d. 1310, 1318-28 (Ct. Int'l Trade 2018).

[2] In this regard, Proposed Plaintiff-Intervenors' submission of information during administrative proceedings distinguishes them from mere "interested parties" which comprise *any* "foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise." 19 U.S.C. § 1677(9)(A). Thus, Proposed Plaintiff-Intervenors' understanding of 28 U.S.C. § 2631(j)(1)(B) gives meaning to every word of that provision. *See, e.g.*, *City of Wilmington v. United States*, 68 F.4th 1365, 1371 (Fed. Cir. 2023) ("Where possible, we interpret statutes to give meaning to every word in a provision.").

Commerce issued Proposed Plaintiff-Intervenors any additional request for information that went unanswered. Rather, at the outset it was *Commerce* that decided to limit the number of respondents that it wished to review. *See* Letter from Commerce, "Administrative Review of the Antidumping Duty Order on Certain Softwood Lumber Products from Canada: Respondent Selection" (Apr. 29, 2022) at 1-3 (C.R. 7, P.R. 279) ("Respondent Selection Memo").

      Even if this Court were to refer to Commerce's regulatory definition for practical guidance, neither the regulation itself nor Commerce's interpretation thereof is owed any deference, and it is not—contrary to Defendant's and Defendant-Intervenor's framing of the issue—the standard that Proposed Plaintiff-Intervenors are obliged to satisfy in order to qualify as "parties to the proceeding" within the meaning of 28 U.S.C. § 2631(j)(1)(B). In any event, Proposed Plaintiff-Intervenors satisfy Commerce's definition insofar as it characterizes a "party to the proceeding" as one who provides "written submissions of factual information…in a segment of a proceeding." 19 C.F.R. § 351.102(b)(36); *see also Sunpower Corp. v. United States*, 128 F. Supp. 3d 1333, 1339 (Ct. Int'l Trade 2015) ("There is no requirement that a party provide *both* factual information *and* legal argument.") (emphasis in original). Specifically, Proposed Plaintiff-Intervenors each submitted written requests for administrative reviews that contained factual information establishing that each of the Proposed Plaintiff-Intervenors had entries of subject merchandise during the review period. *See, e.g.*, Defendant-Intervenor's Opposition to Partial Consent Motion at Ex. 1 (request noting "AJ Forest Products. Ltd.'s exports of the subject merchandise to the United States from January 1, 2021 to December 31, 2021") (P.R. 139); *id.* at Ex. 2 (request noting "ER Probyn Export Ltd.'s exports of the subject merchandise to the United States from January 1, 2021 to December 31, 2021") (P.R. 140); *id.* at Ex. 3 (request noting "subject merchandise {Rayonier A.M. Canada GP} produced and exported to the United States and that was

entered during the fourth administrative review period of January 1, 2021 through December 31, 2021") (P.R. 42); *id.* at Ex. 4 (request noting "subject merchandise {Scierie Alexandre Lemay & Fils Inc.} produced and exported to the United States and that was entered during the fourth administrative review period of January 1, 2021 through December 31, 2021") (P.R. 40).

Defendant disputes that this constitutes "factual information," again relying on Commerce's regulatory definition of that term. *See* Defendant's Opposition to Partial Consent Motion at 2-3. Without explanation, however, Defendant limits its analysis only to one of the five categories of factual information described by Commerce's regulations, factual information in support of allegations. *See id.* (discussing only whether Proposed Plaintiff-Intervenors' submissions satisfied the definition of 19 C.F.R. § 351.102(b)(21)(ii)). Defendant-Intervenor makes the conclusory assertion that Proposed Plaintiff-Intervenors' submissions were not "factual information," without identifying any particular standard. *See* Defendant-Intervenor's Opposition to Partial Consent Motion at 4-7.

These analyses are flawed. *First*, as already explained, *Commerce's* regulatory definitions and its characterizations thereof do not control this court's construction of its constituent statute, and the court need not constrain itself based on Commerce's particulars. *Second*, Proposed Plaintiff-Intervenors' submissions were not "allegations" as the government incorrectly assumes,[3] but rather requests for administrative reviews containing the factual assertion that each had made POR entries of subject merchandise. As such, the above-quoted statements in Proposed Plaintiff-Intervenors' submissions easily satisfy the plain language of the broadly-worded definition found in 19 C.F.R. § 351.102(b)(21)(v)— *i.e.*, "Evidence, *including statements of fact*, documents, and data, other than factual

---

[3] Indeed, the companion provision to 19 C.F.R. § 351.102(b)(21) enumerates specific allegations as falling within the ambit of that provision, *e.g.*, market viability allegations, major input allegations, and new subsidy allegations. *See* 19 C.F.R. § 351.301(c)(2). A request for an administrative review is not listed, nor is it remotely similar.

- 5 -

information described in paragraphs (b)(21)(i)–(iv) of this section…" *Id.* (emphasis supplied).

### B. Commerce Relied on Proposed Plaintiff-Intervenors' Factual Information Throughout the Administrative Proceeding

Commerce's own response to Proposed Plaintiff-Intervenors' requests establishes that, as a matter of practical reality, Commerce itself viewed them as including "statements of fact." Specifically, Commerce initiated an administrative review of Proposed Plaintiff-Intervenors, *see Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 13,252, 13,254-58 (Mar. 9, 2022) (P.R. 507), establishing that Commerce regarded Proposed Plaintiff-Intervenors as "exporters or producers covered by {the} order" based on the statements contained in their administrative review requests. *See id.* at 13,252 (stating that Commerce was initiating reviews based on requests received "in accordance with 19 CFR 351.213(b)…"); 19 C.F.R. § 351.213(b)(2) (permitting "an exporter or producer covered by an order" to request "an administrative review of {itself}"); Defendant-Intervenor's Opposition to Partial Consent Motion at Exs. 1-4 (review requests, each containing assertion that requestor was foreign producer or exporter of subject merchandise with entries during the review period). In its respondent selection memorandum, Commerce referred to the entities on which Commerce initiated its administrative review (including Proposed Plaintiff-Intervenors) as "exporters or producers of subject merchandise," a factual statement based on the contents of the request for administrative review. Respondent Selection Memo at 2 (C.R. 7). As such, Proposed Plaintiff-Intervenors were included in Commerce's analysis of the top subject merchandise exporters by value for purposes of selecting mandatory respondents. *See id.* at 4-5 (C.R. 7).

At the conclusion of the administrative review, Commerce included Proposed Plaintiff-Intervenors among its list of "non-selected respondent companies," *i.e.*, producers or exporters of subject merchandise that Commerce chose not to individually examine, but

which Commerce nevertheless assigned a new antidumping rate. *Certain Softwood Lumber Products From Canada*, 88 Fed. Reg. 50,106, 50,107-10 (Aug. 1, 2023) (2021 AD AR Final) (P.R. 611). In sum, Proposed Plaintiff-Intervenors' administrative review requests contained material factual assertions which Commerce credited in initiating its administrative review, selecting mandatory respondents, and assigning a final antidumping rate to Proposed Plaintiff-Intervenors. Defendant cannot now retroactively deem Proposed Plaintiff-Intervenors' submissions non-factual, particularly when Commerce's administrative reliance on Proposed Plaintiff-Intervenors' factual assertions is why Proposed Plaintiff-Intervenors are subject to the antidumping duty rate at issue in this appeal. Proposed Plaintiff-Intervenors submitted factual information administratively, were "parties to the proceeding"—whether under a plain language interpretation of the statute or a regulatory definition—and should be entered as plaintiff-intervenors in this action by right.

### C. Opponents of Proposed Plaintiff-Intervenors' Partial Consent Motion Identify No Controlling Authority in Support of Their Position

The decisions relied upon by Defendant and Defendant-Intervenor do not support denial of Proposed Plaintiff-Intervenors' motion to be entered into this action. The Government relies on this Court's decision in *Dongkuk, see* Defendant's Opposition to Partial Consent Motion at 3 (citing *Dongkuk Steel Mill Co. v. United States*, 567 F. Supp. 3d 1359 (Ct. Int'l Trade 2022)), but that concerned a *domestic* producer's request for intervention, *id.* at 1361, which does not carry the same consequences for the requestor as a respondent's administrative review request—*i.e.*, the domestic producer was not itself subject to an antidumping duty rate. Moreover, whereas Commerce issued a memorandum in this proceeding specifically excluding Proposed Plaintiff-Intervenors from the mandatory respondent pool, *see generally* Respondent Selection Memo (C.R. 7), no such directive would have been received by the domestic producer in *Dongkuk*. And, as a final note, *Dongkuk* appears not to have grappled with the implications of the fact that Commerce does

not administer the statute in question and thus Commerce's regulations do not control the analysis. *See Dongkuk*, 567 F. Supp. 3d at 1362-64.

Defendant also cites *Dofasco*, another case that considered a domestic producer's—not a respondent's—bid to intervene, for the proposition that fulfillment of "more than procedural steps taken in contemplation of later participation" are necessary to qualify as a "party to the proceeding." Defendant's Opposition to Partial Consent Motion at 3 (citing *Dofasco Inc. v. United States*, 519 F. Supp. 2d 1284 (Ct. Int'l Trade 2007)). Defendant omits, however, that *Dofasco* considered an entirely different scenario than the one presented here. In *Dofasco*, the proposed intervenor's "actions before Commerce…were limited to the filing of the Entry of Appearance Letter and the APO Application." *Dofasco*, 519 F. Supp. 2d at 1287. The same is true of *Nucor*, on which Defendant-Intervenor relies. *See* Defendant-Intervenor's Opposition to Partial Consent Motion at 4; *Nucor Corp. v. United States*, 516 F. Supp. 2d 1348, 1352 (Ct. Int'l Trade 2007) (addressing a situation wherein the proposed intervenor was a domestic producer whose "entire correspondence with Commerce was limited to what it terms a 'notice of appearance' and an application to receive information under an administrative protective order."). As such, *Dofasco*'s and *Nucor*'s observations about mere "procedural steps" and "meaningful participation" were never applied to a request for an administrative review, much less a respondent's request on whose factual assertions Commerce relied in initiating an administrative review of that respondent and assigning it a new antidumping duty rate.

As explained above, Proposed Plaintiff-Intervenors' requests for administrative reviews contained material statements of fact on which Commerce relied. That Commerce declined to select Proposed Plaintiff-Intervenors as mandatory respondents before assigning them a new antidumping rate is no fault of the Proposed Plaintiff-Intervenors. In Proposed Plaintiff-Intervenors' actions, Commerce's response, and the consequences in Commerce's

final results of this administrative review, Proposed Plaintiff-Intervenors satisfy either a plain language or a regulatory definition of "party to the proceeding." As such, this Court should grant Proposed Plaintiff-Intervenors' partial consent motion to be entered as intervenors in this action.

**CONCLUSION**

For the reasons stated above, Proposed Plaintiff-Intervenors respectfully request that this court order that Proposed Plaintiff-Intervenors be entered as Plaintiff-Intervenors in this action, as of right.

*   *   *

Respectfully submitted,

/s/ Yohai Baisburd

Yohai Baisburd
Myles S. Getlan
James E. Ransdell

**CASSIDY LEVY KENT (USA) LLP**
900 19th Street NW, Suite 400
Washington, DC 20006
T: (202) 567-2319
F: (202) 567-2301

Dated: December 4, 2023    Email: ybaisburd@cassidylevy.com

*Counsel to AJ Forest Products Ltd., ER Probyn Export Limited, Rayonier A.M. Canada G.P., and Scierie Alexandre Lemay & Fils Inc.*