Slip Op. 24-17

## UNITED STATES COURT OF INTERNATIONAL TRADE

GOVERNMENT OF CANADA,
GOVERNMENT OF ALBERTA,
GOVERNMENT OF QUÉBEC,
BRITISH COLUMBIA LUMBER
TRADE COUNCIL, FONTAINE,
INC., INTERFOR
CORPORATION, and INTERFOR
SALES & MARKETING, LTD.,

        Plaintiffs,

and

CANFOR CORPORATION,
CANADIAN FOREST
PRODUCTS, LTD., CANFOR
WOOD PRODUCTS
MARKETING, LTD.,
COMMITTEE OVERSEEING
ACTION FOR LUMBER
INTERNATIONAL TRADE
INVESTIGATIONS OR
NEGOTIATIONS, TOLKO
INDUSTRIES, LTD., TOLKO
MARKETING & SALES, LTD.,
GILBERT SMITH FOREST
PRODUCTS, LTD., RESOLUTE
FP CANADA, INC., THE
CONSEIL DE L'INDUSTRIE
FORESTIERE DU QUÉBEC, and
THE ONTARIO FOREST
INDUSTRIES ASSOCIATION,

        Consolidated Plaintiffs,

Before:  Jennifer Choe-Groves, Judge

Consol. Court No. 23-00187

**and**

**CANFOR CORPORATION, CANADIAN FOREST PRODUCTS, LTD., CANFOR WOOD PRODUCTS MARKETING, LTD., GOVERNMENT OF ONTARIO, CARRIER FOREST PRODUCTS, LTD., CARRIER LUMBER, LTD., OLYMPIC INDUSTRIES, INC., OLYMPIC INDUSTRIES, ULC, and WEST FRASER MILLS, LTD.,**

     **Plaintiff-Intervenors,**

     **v.**

**UNITED STATES,**

     **Defendant,**

**and**

**COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS and SIERRA PACIFIC INDUSTRIES,**

     **Defendant-Intervenors.**

## OPINION AND ORDER

  [Granting the Proposed Plaintiff-Intervenors' motions to intervene as a matter of right].

Dated:  February 15, 2024

Eric S. Parnes, Alan G. Kashdan, Joanne E. Osendarp, Lynn G. Kamarck, and Tyler J. Kimberly, Blank Rome, LLP, of Washington, D.C., for Plaintiff Government of Canada.

Lynn M. Fischer Fox, Archana Rao Vasa, and Gina M. Colarusso, Arnold & Porter Kaye Scholer, LLP, of Washington, D.C., for Plaintiff Government of Alberta.

Nancy A. Noonan, ArentFox Schiff, LLP, of Washington, D.C., for Plaintiff Government of Québec.

Amy Lentz and Stephanie W. Wang, Steptoe & Johnson, LLP, of Washington, D.C., for Plaintiff British Columbia Lumber Trade Council.

Mark Burton Lehnardt, Law Offices of David L. Simon, PLLC, of Washington, D.C., for Plaintiff Fontaine, Inc.

Diana Dimitriuc-Quaia, ArentFox Schiff, LLP, of Washington, D.C., for Plaintiffs Interfor Corporation and Interfor Sales & Marketing, Ltd. and Proposed Plaintiff-Intervenor Chaleur Forest Products, L.P.  Mario A. Torrico and Matthew M. Nolan also appeared.

Jay C. Campbell, White & Case, LLP, of Washington, D.C., for Proposed Plaintiff-Intervenor J.D. Irving, Limited.  Allison J. Gartner Kepkay and Walter J. Spak also appeared.

Rudi W. Planert, Brady W. Mills, Donald B. Cameron, Eugene Degnan, Jordan L. Fleischer, Julie C. Mendoza, Mary S. Hodgins, Nicholas C. Duffey, Ryan R. Migeed, and Stephen A. Morrison, Morris, Manning & Martin, LLP, of Washington, D.C., for Consolidated Plaintiffs and Plaintiff-Intervenors Canfor Corporation, Canadian Forest Products, Ltd., and Canfor Wood Products Marketing, Ltd.

Henry D. Almond and Kang Woo Lee, Arnold & Porter Kaye Scholer, LLP, of Washington, D.C., for Consolidated Plaintiffs Tolko Industries, Ltd., Tolko Marketing & Sales, Ltd., and Gilbert Smith Forest Products, Ltd.

Elliot J. Feldman, Michael S. Snarr, Ronald J. Baumgarten, Jr., and Tung Anh

Nguyen, Baker Hostetler, LLP, of Washington, D.C., for Consolidated Plaintiffs Resolute FP Canada, Inc., the Conseil de l'Industrie Forestiere du Québec, and the Ontario Forest Industries Association.

Harold D. Kaplan and Jonathan T. Stoel, Hogan Lovells U.S., LLP, of Washington, D.C., for Plaintiff-Intervenor Government of Ontario.

Jeffrey S. Grimson, Bryan P. Cenko, Evan P. Drake, Jill A. Cramer, Kristin H. Mowry, Ronalda G. Smith, Sarah M. Wyss, and Yixin (Cleo) Li, Mowry & Grimson, PLLC, of Washington, D.C., for Plaintiff-Intervenors Carrier Forest Products, Ltd., Carrier Lumber, Ltd., Olympic Industries, Inc., and Olympic Industries, ULC.

Donald Harrison and Ann C. Motto, Gibson, Dunn & Crutcher, LLP, of Washington, D.C., for Plaintiff-Intervenor West Fraser Mills, Ltd.

Rajib Pal, Sidley Austin, LLP, of Washington, D.C., for Proposed Plaintiff-Intervenors Delco Forest Products, Ltd., Devon Lumber Co., Ltd., H.J. Crabbe & Sons, Ltd., Langevin Forest Products, Inc., Marwood, Ltd., North American Forest Products, Ltd., and Twin Rivers Paper Co., Inc.

Myles S. Getlan and Yohai Baisburd, Cassidy Levy Kent (USA), LLP of Washington, D.C., for Proposed Plaintiff-Intervenors AJ Forest Products, Ltd., ER Probyn Export, Limited, Rayonier A.M. Canada G.P., and Scierie Alexandre Lemay & Fils, Inc.  James E. Ransdell, IV also appeared.

Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With him on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Claudia Burke, Deputy Director.  Of counsel on the brief was Elio Gonzalez, Attorney, Office of the Chief of Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Zachary J. Walker, Jessica M. Link, Andrew W. Kentz, Nathaniel Maandig Rickard, Whitney M. Rolig, and David A. Yocis, Picard, Kentz, & Rowe, LLP, of Washington, D.C., for Consolidated Plaintiff and Defendant-Intervenor Committee Overseeing Action for Lumber International Trade Investigations or Negotiations. Sophia J.C. Lin also appeared.

David J. Ross, Jeffrey I. Kessler, Stephanie E. Hartmann, Wilmer, Cutler, Pickering, Hale & Dorr, LLP, of Washington, D.C., and Kanzanira Thorington, Wilmer, Cutler, Pickering, Hale & Dorr, LLP, of New York, N.Y., for Defendant Intervenor Sierra Pacific Industries, including its subsidiary Seneca Sawmill Company.

      Choe-Groves, Judge:  This case has wide implications for whether litigants will have standing to intervene as a matter of right at the U.S. Court of International Trade ("CIT").  The Court addresses several motions to intervene as of right filed by importers, producers, and exporters pursuant to USCIT Rule 24 and 28 U.S.C. § 2631(j)(1)(B) in a consolidated action challenging the fourth administrative review of the antidumping duty order on certain softwood lumber products from Canada conducted by the U.S. Department of Commerce ("Commerce").  See Certain Softwood Lumber Products from Canada, 88 Fed. Reg. 50,106 (Dep't of Commerce Aug. 1, 2023) (final results of antidumping duty administrative review and final determination of no shipments; 2021).  Although the USCIT rule and statute for intervention have existed for decades, this case is notable because Defendant United States ("Defendant" or "the Government") recently changed its position (from previously consenting for decades to intervention as of right for importers, producers, and exporters) and now appears to be arguing for the first time that requests for administrative review are inadequate, and parties must file factual information in support of allegations in order to

intervene as a matter of right on appeal before the CIT.

In the unique setting of international trade disputes, parties requesting an administrative review are not regularly selected by Commerce.  The non-selected companies generally do not file administrative case briefs because Commerce analyzes only company-specific data for selected mandatory respondents, and the non-selected companies do not yet have specific legal arguments to make, other than the arguments implicit in their requests for administrative review that they disagree with the duty rate applied during the period of review and would like to have a more favorable rate.  The non-selected companies wait for Commerce to complete its administrative review of the mandatory selected companies.  When Commerce issues its final determination applying an antidumping duty rate to the non-selected companies (the "all-others rate") together with its reasoning from the administrative review, the non-selected companies are then affected by the outcome of Commerce's final determination.

If the non-selected companies intervene as a matter of right in the appeal before the CIT, the non-selected companies may assert legal arguments and take advantage of any changes to the antidumping duty rates that may occur as a result of the CIT litigation.  The non-selected respondents are limited in the arguments that they may raise if allowed to intervene because the doctrine of exhaustion only allows the CIT to entertain arguments that were exhausted during the

administrative proceedings below, which means that the non-selected respondents generally are limited to "me too" type arguments in support of the plaintiffs' legal arguments before the CIT. Allowing non-selected respondents to intervene in litigation before the CIT does not place additional burdens on the Court due to the overlap in issues.

Intervention as a matter of right in international trade cases is not provided in a vacuum, but is provided as the only opportunity for non-selected respondents to obtain the benefit of any changes to the all-others rate as a result of litigation before the CIT. If non-selected companies are foreclosed from participating as a party in CIT appeals, they will not be able to take advantage of any changes to the antidumping duty rates that might occur through litigation at the CIT and will be forced to adhere to the original, pre-litigation all-others rate imposed in the final determination, unless Commerce decides on its own to apply the all-others rate to everyone. Intervention as a matter of right for non-mandatory, non-selected respondents is the only path to obtaining any court-ordered benefit from changes to the all-others rate. Thus, it would appear that the only practical consequence of denying non-selected respondents the right to intervene is that they will be unable to benefit from any favorable court decisions.

In this case, the importers and foreign producers/exporters did not file administrative case briefs, but instead filed requests for administrative review that

contained information about their exports/imports of subject merchandise during the period of review, entries of appearance in the administrative review, and applications for administrative protective orders.

The Government and Defendant-Intervenor Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("Defendant-Intervenor") argue that these filings before the agency were insufficient to satisfy Commerce's regulations for "party to the proceeding" because the filings were neither "written arguments" nor "factual information" as required by Commerce's regulations 19 C.F.R. § 351.102(b)(36) and 19 C.F.R. § 351.102(b)(21)(ii). Notably, the Government and Defendant-Intervenor do not oppose the motion to intervene of one party, J.D. Irving, Limited ("J.D. Irving"), who filed an administrative case brief.

There appear to be very few published cases from this Court or the U.S. Court of Appeals for the Federal Circuit ("CAFC") addressing the requirements that must be satisfied for importers and foreign producers/exporters to intervene as of right before the Court, mainly because motions to intervene have been routinely unopposed and granted by the Court for decades, until the Government recently changed its position on the issue.[1]

---

[1]  There is one unpublished case from the CAFC upholding the right of foreign steel pipe manufacturers to intervene as a matter of right.  Laclede Steel Co. v.

The importers and foreign producers/exporters argue in support of their motions to intervene that the Government's and Defendant-Intervenor's proposed interpretation of the statute and regulations requiring the filing of an administrative case brief or similar written arguments at the agency level in order to litigate before the CIT is unconstitutional because the regulations deprive the Parties of due process, are contrary to legislative intent, and lead to absurd, unfair results.[2]

For the reasons discussed below, the Court holds that parties who file a request for administrative review satisfy the statutory "party to a proceeding" standing requirement, even without filing an administrative case brief. Furthermore, the Court holds that Commerce's regulations 19 C.F.R. § 351.102(b)(36) and 19 C.F.R. § 351.102(b)(21), when applied to 28 U.S.C. § 2631(j)(1)(B) ("the standing statute"), conflict with the statute and are not in

---

United States ("Laclede Steel"), 1996 WL 384010 (Fed. Cir. July 8, 1996). The CIT did not issue an opinion in the Laclede Steel case regarding the motion to intervene, and the Government did not oppose intervention as a matter of right by the non-selected respondents in Laclede Steel.

[2] Chaleur Forest Products, Inc., Chaleur Forest Products, L.P., Delco Forest Products, Ltd., Devon Lumber Co., Ltd., H.J. Crabbe & Sons, Ltd., Langevin Forest Products, Inc., Marwood, Ltd., North American Forest Products, Ltd., and Twin Rivers Paper Co., Inc. argue that denying importers standing to intervene under 28 U.S.C. § 2631(j)(1)(B) creates serious constitutional problems by potentially depriving them of property (*i.e.*, excess cash deposits held by U.S. Customs and Border Protection ("Customs") to which they are entitled) without due process of law. The Court agrees that this is problematic but does not need to reach this argument.

accordance with law.  Accordingly, the Court grants the motions to intervene.

## BACKGROUND

Motions to intervene as a matter of right were filed by AJ Forest Products, Ltd., ER Probyn Export, Limited, Rayonier A.M. Canada G.P., and Scierie Alexandre Lemay & Fils, Inc., (foreign exporters and producers) (collectively, "AJ Respondents") ("AJ Respondents' Motion to Intervene" or "AJ Respondents' Mot. Interv."), ECF No. 59, and Chaleur Forest Products, Inc., Chaleur Forest Products, L.P., Delco Forest Products, Ltd., Devon Lumber Co., Ltd., H.J. Crabbe & Sons, Ltd., Langevin Forest Products, Inc., Marwood, Ltd., North American Forest Products, Ltd., and Twin Rivers Paper Co., Inc. (foreign exporters and producers, and domestic importers) (collectively, "NB Respondents") ("NB Respondents' Motion to Intervene" or "NB Respondents' Mot. Interv."), ECF No. 69.  The NB Respondents also filed similar motions in Court No. 23-00188, ECF No. 72, Court No. 23-00204, ECF No. 41, and Court No. 23-00206, ECF No. 37.  These court numbers were consolidated into this consolidated case on December 4, 2023. Order (Dec. 4, 2023), ECF No. 89.  J.D. Irving joined in the NB Respondents' Motion to Intervene.

The Government of Canada, Government of Québec, British Columbia Lumber Trade Council, Fontaine, Inc., Interfor Corporation, and Interfor Sales & Marketing, Ltd. (collectively, "Plaintiffs") served their complaint on October 6,

2023.[3]  Compl., ECF No. 15.  Canfor Corporation, Canadian Forest Products, Ltd.,

and Canfor Wood Products Marketing, Ltd. served their complaint on October 2,

2023.  Court No. 23-00188, Compl., ECF No. 10.  Tolko Industries, Ltd., Tolko

Marketing and Sales, Ltd., and Gilbert Smith Forest Products, Ltd. served their

complaint on October 27, 2023.  Court No. 23-00204, Compl., ECF No. 13.

Resolute FP Canada, Inc., the Conseil de l'Industrie Forestiere du Québec, and the

Ontario Forest Industries Association served their complaint on November 1,

2023.[4]  Court No. 23-00206, Compl., ECF No. 9.

  Defendant and Defendant-Intervenor filed briefs in opposition to the AJ

Respondents' and NB Respondents' (collectively, "Proposed Plaintiff-

Intervenors") motions to intervene.  Def.'s Opp'n NB Respondents' Mot. Interv.,

ECF No. 81; Def.'s Opp'n AJ Respondents' Mot. Interv., ECF No. 82; Def.-

Interv.'s Resp. AJ Respondents' Mot. Interv., ECF No. 83; Def.-Interv.'s Resp.

Opp'n NB Respondents' Mot. Interv., ECF No. 84.

  The Proposed Plaintiff-Intervenors filed replies to Defendant's and

---

[3] Government of Alberta is not listed in the Complaint even though it is listed in the Summons and other documents filed before and after the filing of the Complaint as one of the Plaintiffs.

[4] Canfor Corporation, Canadian Forest Products, Ltd., Canfor Wood Products Marketing, Ltd., Tolko Industries, Ltd., Tolko Marketing and Sales, Ltd., Gilbert Smith Forest Products, Ltd., Resolute FP Canada, Inc., the Conseil de l'Industrie Forestiere du Québec, and the Ontario Forest Industries Association are Consolidated Plaintiffs under Consol. Court No. 23-00187.

Defendant-Intervenor's oppositions.  AJ Respondents' Reply Def.'s Def.-Interv.'s

Cmts. Opp'n AJ Respondents' Mot. Interv., ECF No. 90; NB Respondents' Reply

Def.'s Def.-Interv.'s Resps. Opp'n NB Respondents' Mot. Interv., ECF No. 91.

## DISCUSSION

In 28 U.S.C. § 2631, Congress established a right to intervene in actions

commenced under 19 U.S.C. § 1516a.  The Court's standing statute provides that:

> Any person who would be adversely affected or aggrieved by a decision
> in a civil action pending in the [CIT] may, by leave of court, intervene
> in such action, except that . . . (B) in a civil action under [19 U.S.C.
> § 1516a], only an interested party who was a party to the proceeding in
> connection with which the matter arose may intervene, and such person
> may intervene as a matter of right.

28 U.S.C. § 2631(j)(1)(B).

Under USCIT Rule 24(a), a party may intervene in an action upon timely

application "when a statute of the United States confers an unconditional right to

intervene."  To succeed on a motion to intervene, the proposed intervenors in

actions filed pursuant to 19 U.S.C. § 1516a must show that each party is an

"interested party," 19 U.S.C. § 1516a(f)(3), "would be adversely affected or

aggrieved by a decision in a civil action pending in the [CIT]," 28 U.S.C.

§ 2631(j)(1), and "was a party to the proceeding in connection with which the

matter arose," 28 U.S.C. § 2631(j)(1)(B).

## I.    Party to the Proceeding

The Parties focus their dispute on whether the Proposed Plaintiff-Intervenors

have standing as parties to the proceeding pursuant to 28 U.S.C. § 2631(j)(1)(B).[5]

The Court has interpreted the "party to the proceeding" standing requirement as a

form of participation that "reasonably convey[s] the separate status of a party, . . .

and provide[s] Commerce with notice of a party's concerns."  Specialty Merch.

Corp. v. United States, 31 CIT 364, 365, 477 F. Supp. 2d 1359, 1361 (2007)

(internal quotation marks and citations omitted).  Participation in the administrative

process, however, does not have to be extensive.  RHI Refractories Liaoning Co. v.

United States, 35 CIT 130, 132, 752 F. Supp. 2d 1377, 1380 (2011) (citing Laclede

Steel, 1996 WL 384010, at *2).  The Court has also noted that the "party to the

proceeding" requirement for standing is not onerous.  Hor Liang Indus. Corp. v.

United States, 42 CIT __, 337 F. Supp. 3d 1310, 1318 (2018).  Commerce's

regulations do not control this Court's construction of a statute administered by the

---

[5] It is undisputed that: (1) the Proposed Plaintiff-Intervenors filed their timely
motions to intervene within 30 days of Plaintiffs' service of the Complaint; (2) the
Proposed Plaintiff-Intervenors are interested parties because they are Canadian
producers and exporters, or domestic importers, of softwood lumber, the subject
merchandise of the underlying antidumping administrative review; and (3) the
Proposed Plaintiff-Intervenors could be adversely affected by the decision pending
before the CIT because they are subject to the all-others rate that was calculated
based on the antidumping duty rates of the mandatory respondents.

Court itself.  See id. ("Chevron[6] deference does not apply to Commerce's

regulatory definition [of "party to a proceeding"] because Commerce does not

administer the standing statute, 28 U.S.C. § 2631.").

## II.      Notice of the Parties' Concerns

To satisfy the "party to the proceeding" standing requirement, the Proposed

Plaintiff-Intervenors must have reasonably conveyed their separate status and

provided Commerce with notice of their concerns.  Specialty Merch. Corp., 31 CIT

at 365, 477 F. Supp. 2d at 1361; RHI Refractories Liaoning Co., 35 CIT at 132,

752 F. Supp. 2d at 1381.

The Government and Defendant-Intervenor do not challenge the Proposed

Plaintiff-Intervenors' separate status, but assert that the Proposed Plaintiff-

Intervenors' requests for administrative review did not sufficiently put Commerce

on notice of the Parties' concerns.  The Government and Defendant-Intervenor

argue that the requests for administrative review did not contain statements of fact

in support of allegations (i.e., legal arguments as one would find in an

administrative case brief).  Def.'s Opp'n AJ Respondents' Mot. Interv. at 2–3;

Def.–Interv.'s Resp. AJ Respondents' Mot. Interv. at 5–6; Def.'s Opp'n NB

Respondents' Mot. Interv. at 3–4; Def.-Interv.'s Resp. Opp'n NB Respondents'

---

[6]  Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984).

Mot. Interv. at 5–6.

At the outset, the Court questions the Government's recent change in
position after more than thirty years of consenting to intervention motions of non-
selected respondents brought before the Court.  Now, apparently for the first time,
the Government claims that Commerce was not on notice of the Parties' concerns
because the Parties did not file sufficient factual information in support of
allegations (*i.e.*, administrative case briefs).

The Proposed Plaintiff-Intervenors are U.S. importers and Canadian
producers/exporters of softwood lumber, who argue that they qualify as parties to
the proceeding under 28 U.S.C. § 2631(j)(1)(B) because in their written requests
for administrative review, they provided factual information regarding their entries
of subject merchandise during the period of review from January 1, 2021, through
December 31, 2021.  AJ Respondents' Reply Def.'s Def.-Interv.'s Cmts. Opp'n AJ
Respondents' Mot. Interv. at 2, 6–7; Def.'s Opp'n AJ Respondents' Mot. Interv. at
Ex. 1, ECF No. 82-1; NB Respondents' Reply Def.'s Def.-Interv.'s Resps. Opp'n
NB Respondents' Mot. Interv. at 4.  The requests for administrative review
included statements of fact with the names of the requesting entities, whether the
entities produced, exported, remanufactured, and/or were importers of record of
subject merchandise to the United States within the period of review, and the
nature of the relationships between the requesting entities (*e.g.*, whether one entity

was the exporter for another entity).  NB Respondents' Reply Def.'s Def.-Interv.'s

Resps. Opp'n NB Respondents' Mot. Interv. at 4.

None of the U.S. importers or foreign producers/exporters were selected for

individual review, but the Proposed Plaintiff-Intervenors contend that Commerce

used the factual information when Commerce initiated the administrative reviews,

selected mandatory respondents, and assigned a final antidumping duty rate to the

Proposed Plaintiff-Intervenors.  AJ Respondents' Reply Def.'s Def.-Interv.'s Cmts.

Opp'n AJ Respondents' Mot. Interv. at 6–7.  The Proposed Plaintiff-Intervenors

explain that the importers, producers, and exporters requested administrative

reviews in order to make known to Commerce their disagreement with their

existing dumping margins and interest in obtaining new dumping margins for their

affected exports for the applicable period of review.  NB Respondents' Reply

Def.'s Def.-Interv.'s Resps. Opp'n NB Respondents' Mot. Interv. at 7.  The NB

Respondents state that the factual information provided to Commerce indicated

their willingness to participate in the review, including through providing factual

information if and when requested by Commerce, or to otherwise be subjected to a

dumping margin in that review based on adverse facts available.  Id.  The NB

Respondents note that, "once foreign producers/exporters request a review, they

are obligated to participate or face adverse consequences.  No other interested

party is in a similar situation by virtue of having submitted their own review

request." Id.

The NB Respondents contend that when foreign producers/exporters are routinely not selected by Commerce for individual review, the foreign producers/exporters "would have *no reason* to devote resources to submit additional and unnecessary factual material or argumentation to [Commerce]. Specifically, those companies would have *no reason* to comment on the company-specific price and cost data that the mandatory respondents submit to assist [Commerce] in calculating their company-specific dumping margins." Id. at 10.

Similarly, the NB Respondents argue that the U.S. importers filed requests for review in the antidumping proceeding to "make known to [Commerce] that they disagree with having their entries of subject merchandise during the [period of review] from specified foreign producers/exporters liquidated at the cash deposit rate paid upon entry, and instead are interested in obtaining a new assessment rate for their affected entries during the [period of review]." Id. at 8.

The factual information provided in the requests for administrative review by the Proposed Plaintiff-Intervenors clearly was submitted in anticipation of litigation regarding the non-selected margin rates that would later be applied by Commerce, as well as to provide information for Commerce's selection of mandatory respondents. See Laclede Steel, 1996 WL 384010, at *2 (holding that foreign producers/proposed plaintiff-intervenors who were subject to the all-others

rate participated actively in the administrative proceeding when they submitted

factual data about their exports to assist Commerce in the selection of mandatory

respondents). The <u>Laclede Steel</u> Court explained that although the active

participation need not be extensive, it must reasonably convey the separate status

of a party, and the participation should be meaningful enough. <u>Id.</u> Only the

plaintiff opposed intervention in <u>Laclede Steel</u>, and the Government notably

consented to intervention as of right by the foreign producers who submitted

requests for administrative review without filing administrative case briefs. <u>Id.</u> at

*1.

By requesting administrative reviews of themselves in the antidumping duty

proceeding in this case, the Proposed Plaintiff-Intervenors put Commerce on notice

of: 1) their disagreement with the existing dumping margins and the cash deposit

rates paid during the period of review; 2) their interest in obtaining a more

favorable margin rate; 3) their willingness to provide more information if selected

by Commerce for administrative review (or be subjected to adverse facts available

for not cooperating); and 4) information that assisted Commerce in its selection of

mandatory respondents.

The Court is not persuaded by the Government's argument that Commerce

lacked notice of the Proposed Plaintiff-Intervenors' concerns in the requests for

administrative review. It is simply not credible or reasonable in the context of

international trade litigation, after decades under the same statutory framework,

that here Commerce did not understand the significance of the Proposed Plaintiff-

Intervenors' filing of information objecting to the existing dumping margins and

the cash deposit rates paid during the period of review and asking to be selected for

administrative review in order to obtain more favorable rates.  The Government's

position contradicts decades of Commerce's practice regarding intervention as a

matter of right for non-selected respondents.  Thus, the Court concludes that the

Proposed Plaintiff-Intervenors met the statutory requirement for standing as parties

to the proceeding by participation that reasonably provided Commerce with notice

of the Parties' concerns.  Specialty Merch. Corp., 31 CIT at 365, 477 F. Supp. 2d at

1361.

      As noted earlier, if non-selected companies are prevented from intervening

in CIT appeals, they will not be able to take advantage of any changes to the

antidumping duty rates that might occur through litigation at the CIT (and on

appeal at the CAFC) and will be forced to accept the original, pre-litigation all-

others rate imposed in the final determination.  Intervention for non-mandatory,

non-selected respondents is the only path to obtaining a benefit from any changes

to the all-others rate that the Court may order during litigation at the CIT.

      Accordingly, the Court holds that parties who file a request for

administrative review, without filing an administrative case brief, meet the

statutory requirements of 28 U.S.C. § 2631(j)(1)(B) and shall have standing to intervene as a matter of right in litigation before the CIT.

### III.   Regulations Conflict with the CIT's Standing Statute

The Government and Defendant-Intervenor argue that none of the Proposed Plaintiff-Intervenors are entitled to intervene as a matter of right, other than J.D. Irving, because they did not file administrative case briefs and only submitted requests for administrative review, entries of appearance, and applications for an administrative protective order, and thus were not parties to the proceeding because the submissions were neither "written arguments" nor "factual information" as required by 19 C.F.R. § 351.102(b)(36) and 19 C.F.R. § 351.102(b)(21)(ii).  Def.'s Opp'n NB Respondents' Mot. Interv. at 1–4; Def.-Interv.'s Resp. Opp'n NB Respondents' Mot. Interv. at 5–6; Def.-Interv.'s Resp. AJ Respondents' Mot. Interv. at 5–7; Def.'s Opp'n AJ Respondents' Mot. Interv. at 2–3.

The Government and Defendant-Intervenor rely on Commerce's regulation 19 C.F.R. § 351.102(b)(36), which defines "a party to the proceeding" as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding."  19 C.F.R. § 351.102(b)(36).  The Government also relies on regulation 19 C.F.R. § 351.102(b)(21)(ii) for the definition of "factual information" as "[e]vidence,

including statements of fact, documents, and data submitted either in support of

allegations, or, to rebut, clarify, or correct such evidence submitted by any other

interested party." 19 C.F.R. § 351.102(b)(21)(ii); Def.'s Opp'n NB Respondents'

Mot. Interv. at 3.

The Government and Defendant-Intervenor contend that the Proposed

Plaintiff-Intervenors' requests for administrative review may have contained

factual information, but such facts were purportedly not submitted in support of

allegations as required by Commerce's regulations because the filings requesting

administrative review did not contain clear legal arguments (as opposed to an

administrative case brief). The Government's interpretation of these regulations

now holds little sway with the Court given that for decades, the Government has

consented to intervention and only started to oppose intervention for the first time

in this case.

The Government and Defendant-Intervenor assert that J.D. Irving is the only

interested party out of all the Proposed Plaintiff-Intervenors who is entitled to

intervene as a matter of right because J.D. Irving filed an administrative case brief

during the administrative proceeding.

With respect to the Government's and Defendant-Intervenor's arguments

that Commerce's regulations should control, the Court confirms that it is not

compelled to use the definition of "party to the proceeding" appearing in

Commerce's regulation at 19 C.F.R. § 351.102(b)(36), nor the definitions of

"written arguments" or "factual information" appearing in 19 C.F.R.

§ 351.102(b)(36) and 19 C.F.R. § 351.102(b)(21), when interpreting the text of the

Court's standing statute at 28 U.S.C. § 2631(j)(1)(B).  Commerce's regulations do

not control this Court's construction of a statute administered by the Court itself.

See Hor Liang Indus. Corp., 42 CIT at __; 337 F. Supp. 3d at 1318 ("Chevron

deference does not apply to Commerce's regulatory definition [of "party to a

proceeding"] because Commerce does not administer the standing statute, 28

U.S.C. § 2631.").

The Government and Defendant-Intervenor rely heavily on Dongkuk Steel

Mill Co. v. United States ("Dongkuk Steel"), 46 CIT __, 567 F. Supp. 3d 1359

(2022), in which the Court concluded that a domestic producer's request for

administrative review did not include factual information in support of allegations

under Commerce's definitions of "written arguments" and "factual information"

appearing in 19 C.F.R. § 351.102(b)(36) and 19 C.F.R. § 351.102(b)(21), found

that the domestic producer did not have standing as a party to the proceeding, and

denied the domestic producer's motion to intervene as of right in the CIT litigation.

Dongkuk Steel, 46 CIT at __, 567 F. Supp. 3d at 1364.  Relying on Dongkuk Steel

and its interpretation of Commerce's regulations, the Government argues that

"party to the proceeding" requires active participation beyond a request for

administrative review through the filing of factual information in support of

allegations.  Def.'s Opp'n AJ Respondents' Mot. Interv. at 3; Def.'s Opp'n NB

Respondents' Mot. Interv. at 3–4.  In the <u>Dongkuk Steel</u> case, the Government

consented to the domestic producer's motion to intervene, even though the

producer only filed a request for administrative review and did not file an

administrative case brief (consistent with the Government's prior position for

decades), with only the plaintiff opposing the motion to intervene.  The party

seeking to intervene in <u>Dongkuk Steel</u> did not argue that the regulations were

contrary to law.

  This Court is not persuaded to follow <u>Dongkuk Steel</u>, which is inapplicable

to this case.  First, <u>Dongkuk Steel</u> involved a motion to intervene by a domestic

producer, and the instant case involves U.S. importers and foreign

producers/exporters, whose legal and economic interests are different than those of

domestic producers.  The importers and foreign producers/exporters in this case

requested administrative reviews of *themselves*, which triggered certain

ramifications impacting their applicable duty rates and cash deposits paid, as

explained above, while the domestic producer in <u>Dongkuk Steel</u> requested

administrative reviews of *other* companies under the relevant countervailing duty

order.

  Second, the Court notes that it is unreasonable to conclude that after decades

of agency practice and CIT precedent under the same statutory framework,

Commerce suddenly did not understand the significance of the request for

administrative review filed by the domestic producer in Dongkuk Steel.  It is clear

that Commerce was on notice of the domestic producer's concerns when it filed its

request for administrative review, particularly as the Government did not object to

intervention by right of the domestic producer in Dongkuk Steel.  See Specialty

Merch. Corp., 31 CIT at 365, 477 F. Supp. 2d at 1361; RHI Refractories Liaoning

Co., 35 CIT at 132, 752 F. Supp. 2d at 1381.

        Third, as noted earlier, the Court does not rely on Commerce's definition of

"party to the proceeding" appearing in 19 C.F.R. § 351.102(b)(36), nor the

definitions of "written arguments" or "factual information" appearing in 19 C.F.R.

§ 351.102(b)(36) and 19 C.F.R. § 351.102(b)(21) when interpreting the text of the

Court's standing statute at 28 U.S.C. § 2631(j)(1)(B).  The Dongkuk Steel Court

relied on Commerce's regulations, but this Court construes 28 U.S.C.

§ 2631(j)(1)(B) without reliance on Commerce's regulations because the Court's

standing statute is properly administered by the Court itself.  See Hor Liang Indus.

Corp., 42 CIT at __, 337 F. Supp. 3d at 1318, n.11.

        The Court concludes that Commerce's regulations 19 C.F.R.

§ 351.102(b)(36) and 19 C.F.R. § 351.102(b)(21)(ii), when applied to the Court's

standing statute 28 U.S.C. § 2631(j)(1)(B), are not in accordance with law.

The Court's standing statute requires that the Proposed Plaintiff-Intervenors must establish that each was "a party to the proceeding in connection with which the matter arose" pursuant to 28 U.S.C. § 2631(j)(1)(B) in order to be allowed to intervene as a matter of right.  Although 28 U.S.C. § 2631(j)(1)(B) does not define "party to the proceeding," Congress explained its legislative intent that in antidumping duty cases, it "intended that the term 'party to the proceeding' mean *any person who participated* in the administrative proceeding."  S. Rep. No. 96–249, at 633 (1979) (emphasis added).  When Congress amended the statute in 1979, Congress expressed its intent to permit "greater access to the [CIT] for an expanded number of parties" by including foreign manufacturers, producers, exporters, and/or United States importers of the merchandise that is the subject of an investigation.  Id. at 632.  Congress expressed this intent by adding new sections regarding challenges to antidumping duty determinations to the Tariff Act of 1930, and enlarged the class of persons who could initiate actions and participate in litigation to include foreign countries, exporters, trade associations, and organizations that are affected by these determinations.  Id. at 636.  Congress explained that:

> In addition, the new section 516A would greatly expand the right of interested parties to appear and be heard in litigation concerning antidumping and countervailing duties.  For example, under [the 1930 law], an importer is not permitted to appear as a party-in-interest in a suit challenging the failure to impose a countervailing duty instituted

by an American manufacturer pursuant to section 516(D) (19 U.S.C.
[§] 1516(D)) even though the importer would be affected by a court
decision holding that a countervailing duty should have been imposed.
Under the proposed section 516A, if an *importer participated in the
administrative proceedings* which preceded the challenged decision, it
would possess a right to be notified of the institution of litigation
challenging the decision and to appear and be heard as if it were a
party—not simply as an amicus curiae.

Id. (emphasis added).  It is clear that Congress' stated intent in the 1979

Amendments was to expand access to the CIT for a wider category of litigants,

including "*any person who participated* in the administrative proceeding" and

"*importer[s] [who] participated in the administrative proceedings.*"  Id. (emphasis

added).  While Congress did not define "party to the proceeding," the Court

observes that Congress could have, but clearly chose not to, include more stringent

requirements with language mentioning written submissions, factual information,

written argument, statements of fact in support of allegations, or other

requirements similar to those proposed by the Government and Defendant-

Intervenor for a litigant to have standing to litigate before the Court.

Commerce's regulatory definition of "party to a proceeding" prior to 1989

did not include the language "actively participates, through written submission of

factual information or written argument."  See, e.g., 19 C.F.R. § 353.12(i) ("'Party

to the proceeding' means: . . . (3) foreign manufacturers, producers and exporters

of the merchandise subject to the investigation; and (4) any other interested party,

within the meaning of paragraph (c) of this section, who informs the Secretary in

writing of his intent to become a party to the proceeding within 20 days after the

preliminary determination or who demonstrates to the satisfaction of the Secretary

good cause for intervention.").  19 C.F.R. § 353.12(i) (1980).

On December 27, 1988, Commerce issued a Federal Register notice

indicating its intent to amend the definition of "party to a proceeding" to add the

language "actively participates" to 19 C.F.R. § 355.  Countervailing Duties, 53

Fed. Reg. 52,306 (Dep't of Commerce, Dec. 27, 1988).  Notably, the Federal

Register notice reflected significant opposition to adding the "actively participates"

language to the definition of "party to a proceeding," as follows:

> *Comment*: *All parties commenting on this section object* to the
> limitation of "parties to the proceeding" to those which participate in a
> particular decision by the Secretary through the submission of factual
> information or written argument.  *The parties generally argue that the*
> *provision is an attempt by [Commerce] to define, without statutory*
> *authority, the jurisdiction of federal courts.*  One party argues that the
> provision is an unconstitutional usurpation of Congress' authority to
> define the jurisdiction of Article III courts.  Others argue that the
> definition is too limited; U.S. and state courts have held that a party not
> actively participating in a proceeding has a right to appeal a decision
> reached in the court of that proceeding.
>
> Others argue that the provision is not in accordance with Congress'
> intention of streamlining and reducing the cost of countervailing duty
> proceedings, and will result in needless duplication of effort by
> interested parties through protective filings. . . .
>
> *[Commerce's] Position*: [Commerce] must define the term "party to the
> proceeding." . . .  As to the arguments that [Commerce] is attempting

> to limit a party's right to appeal to the court, we believe the comments
> prove too much.  It is the province of Congress to regulate trade, but
> that does not argue that [Commerce] has no authority to interpret
> statutory enactments on trade matters through its regulations. . . .  We
> believe the court will benefit from the agency's expertise as to the
> minimum participation in the administrative process that will make
> possible the party's exhaustion of its administrative remedies, so that
> the time of the court and the parties will not be spent needlessly on
> matters that could have been addressed and resolved by the agency in
> the first instance.  *The court may disagree in the circumstances of a
> particular case that adherence to the regulatory requirements was
> consistent with Congressional intent,* but that does not argue for
> ignoring our obligation to ensure, to the extent possible, the orderly,
> efficient, and equitable implementation of the law.

53 Fed. Reg. at 52,308 (emphasis added).  Commerce's definition of "party to a

proceeding," which went into effect on January 26, 1989, included the added

requirements that a party "actively" participate through "written submissions."  19

C.F.R. § 353.2(o).  The section number changed in 1998 to move the definition for

"party to a proceeding" from 19 C.F.R. § 353.2(o) to 19 C.F.R. § 351.102(b).

The Court agrees with the commenters who questioned Commerce's

explanation in the Federal Register notice above because 28 U.S.C. § 2631(j)(1)(B)

is the Court's standing statute, which should be properly administered by the Court

itself, and is not an area requiring the agency's technical expertise.  See Hor Liang

Indus. Corp., 42 CIT at __, 337 F. Supp. 3d at 1318, n.11.

In addition, the Government in this litigation is now seeking to narrow the

definition of "party to a proceeding" even further, by proposing that regulation 19

C.F.R. § 351.102(b)(21)(ii) requires not only a written submission, but the new

addition of "factual information" as "statements of fact" submitted "in support of

allegations." 19 C.F.R. § 351.102(b)(21)(ii); Def.'s Opp'n NB Respondents' Mot.

Interv. at 3. It is clear that the Government seeks to depart from decades of

precedent by attempting to devise a new requirement that a "party to the

proceeding" must submit an administrative case brief under the guise of

regulations 19 C.F.R. § 351.102(b)(36) and 19 C.F.R. § 351.102(b)(21)(ii). The

Government's position would lead to the absurd result of increasing paperwork and

raising the cost of litigation by requiring non-selected respondents in every

international trade case to file administrative case briefs, which contradicts the

goals of streamlining and expediting the litigation process. See USCIT Rule 1

promoting the "just, speedy, and inexpensive determination of every action and

proceeding."

The Court holds that regulations 19 C.F.R. § 351.102(b)(36) and 19 C.F.R.

§ 351.102(b)(21)(ii), when applied to the Court's standing statute 28 U.S.C.

§ 2631(j)(1)(B), conflict in at least four ways: 1) the regulations are examples of

Commerce attempting to regulate an area squarely within the Court's purview, the

Court's jurisdictional standing statute; 2) the regulation 19 C.F.R. § 351.102(b)(36)

includes added requirements of "active" participation and "written submissions"

that do not appear in the statute 28 U.S.C. § 2631(j)(1)(B); 3) the regulation 19

C.F.R. § 351.102(b)(21)(ii) includes stringent requirements of "statements of fact" submitted "in support of allegations" that do not appear in the statute 28 U.S.C. § 2631(j)(1)(B); and 4) Commerce's regulations narrow the definition of "party to a proceeding" in conflict with Congress' expressed intent that access to the CIT should be expanded rather than limited.  S. Rep. No. 96–249, at 633.

The Court holds that Commerce's definition of "party to the proceeding" as expressed in regulations 19 C.F.R. § 351.102(b)(36) and 19 C.F.R. § 351.102(b)(21)(ii), when applied to 28 U.S.C. § 2631(j)(1)(B), is not in accordance with law.[7]

## CONCLUSION

The Court is cognizant of Congress' intent, unchanged for decades, to expand access to the CIT to a greater number of litigants, rather than closing the courthouse doors to litigants.

Allowing the Proposed Plaintiff-Intervenors to intervene as a matter of right based on the submission of requests for administrative review comports with decades of agency practice and CIT precedent, and is consistent with Congressional intent that "party to the proceeding" shall be "any person who

---

[7] The Parties might choose to bring an interlocutory appeal of the intervention as a matter of right issue to the CAFC.  The Court is willing to certify the question to the CAFC and stay the case if the parties seek an interlocutory appeal.

participated in the administrative proceeding." S. Rep. No. 96–249, at 633.

The Court concludes that parties who submit requests for administrative review meet the low bar to satisfy the statutory requirement for standing under 28 U.S.C. § 2631(j)(1)(B).  Accordingly, the Court grants the Proposed Plaintiff-Intervenors' motions to intervene as a matter of right.

# ORDER

It is hereby:

**ORDERED** that the AJ Respondents' Motion to Intervene, Consolidated

Court No. 23-00187, ECF No. 59, is granted; and it is further

**ORDERED** that the NB Respondents' Motions to Intervene, Consolidated

Court No. 23-00187, ECF No. 69, Court No. 23-00188, ECF No. 72, Court No. 23-

00204, ECF No. 41, and Court No. 23-00206, ECF No. 37 are granted; and it is

further

**ORDERED** that AJ Forest Products, Ltd., ER Probyn Export, Limited,

Rayonier A.M. Canada G.P., Scierie Alexandre Lemay & Fils, Inc., Chaleur Forest

Products, Inc., Chaleur Forest Products, L.P., Delco Forest Products, Ltd., Devon

Lumber Co., Ltd., H.J. Crabbe & Sons, Ltd., J.D. Irving, Limited, Langevin Forest

Products, Inc., Marwood, Ltd., North American Forest Products, Ltd., and Twin

Rivers Paper Co., Inc. are entered as Plaintiff-Intervenors in Government of

Canada v. United States, Consolidated Court No. 23-00187; and it is further

**ORDERED** that AJ Forest Products, Ltd., ER Probyn Export, Limited,

Rayonier A.M. Canada G.P., Scierie Alexandre Lemay & Fils, Inc., Chaleur Forest

Products, Inc., Chaleur Forest Products, L.P., Delco Forest Products, Ltd., Devon

Lumber Co., Ltd., H.J. Crabbe & Sons, Ltd., J.D. Irving, Limited, Langevin Forest

Products, Inc., Marwood, Ltd., North American Forest Products, Ltd., and Twin

Consol. Court No. 23-00187                                                    Page 33

Rivers Paper Co., Inc. may file, in accordance with ECF No. 98, motions for

judgment on the agency record and supporting memoranda of points and

authorities (not to exceed 21,000 words) on or before April 5, 2024; and it is

further

      **ORDERED** that AJ Forest Products, Ltd., ER Probyn Export, Limited,

Rayonier A.M. Canada G.P., Scierie Alexandre Lemay & Fils, Inc., Chaleur Forest

Products, Inc., Chaleur Forest Products, L.P., Delco Forest Products, Ltd., Devon

Lumber Co., Ltd., H.J. Crabbe & Sons, Ltd., J.D. Irving, Limited, Langevin Forest

Products, Inc., Marwood, Ltd., North American Forest Products, Ltd., and Twin

Rivers Paper Co., Inc. may file reply briefs (not to exceed 10,000 words) on or

before October 10, 2024.

    /s/ Jennifer Choe-Groves  

Jennifer Choe-Groves, Judge

Dated:      February 15, 2024     
        New York, New York