**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| The Government of Canada, *et al.*,<br><br>    *Plaintiffs*,<br><br>Canfor Corporation, *et al.*,<br><br>  and<br><br>Committee Overseeing Action for Lumber International Trade Investigations or Negotiations,<br><br>    *Consolidated Plaintiffs*,<br><br>Canfor Corporation, *et al.*,<br><br>    *Plaintiff-Intervenors*,<br><br>  v.<br><br>The United States,<br><br>    *Defendant*,<br><br>Committee Overseeing Action for Lumber International Trade Investigations or Negotiations, *et al.*,<br><br>    *Defendant-Intervenors*. | **Consol. Court No.**<br>**1:23-cv-00187-JCG** |

**ORDER**

   Upon consideration of Defendant's Partially Unopposed Motion to Amend Scheduling

Order and the response to that motion filed by the Canadian Parties,[1] it is hereby:

---

[1] The "Canadian Parties" filing this response are:  **Plaintiffs** Government of Canada, Government of Alberta, Government of Québec, British Columbia Lumber Trade Council, Fontaine, Inc., Interfor Corporation, and Interfor Sales & Marketing Ltd.; **Consolidated Plaintiffs/Plaintiff-Intervenors** Canfor Corporation, Canadian Forest Products Ltd., Canfor Wood Products Marketing, Ltd., Tolko Industries, Ltd., Tolko Marketing & Sales, Ltd., Gilbert Smith Forest Products, Ltd., Resolute FP Canada Inc., Conseil de l'industrie forestière du Québec, and Ontario Forest Industries Association; and **Plaintiff-Intervenors** Government of Ontario, Carrier Forest

**ORDERED** that Defendant's Partially Unopposed Motion to Amend Scheduling Order is

denied; and it is further

**ORDERED** that Defendant shall file the remand determination and the administrative

record in accordance with the schedule set forth in the Court's June 17, 2025 Order.

**SO ORDERED**.

By: _____
                                            The Honorable Jennifer Choe-Groves, Judge

Dated: _____
       New York, NY

---

Products, Ltd., Carrier Lumber, Ltd., Chaleur Forest Products Inc., Chaleur Forest Products L.P.,
Olympic Industries, Inc., Olympic Industries ULC, West Fraser Mills, Ltd., J.D. Irving, Limited,
Delco Forest Products Ltd., Devon Lumber Co. Ltd., H.J. Crabbe & Sons Ltd., Langevin Forest
Products Inc., Marwood Ltd., North American Forest Products Ltd., and Twin Rivers Paper Co.
Inc.

**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| The Government of Canada, *et al.*,<br><br>*Plaintiffs*,<br><br>Canfor Corporation, *et al.*,<br><br>and<br><br>Committee Overseeing Action for Lumber International Trade Investigations or Negotiations,<br><br>*Consolidated Plaintiffs*,<br><br>Canfor Corporation, *et al.*,<br><br>*Plaintiff-Intervenors*,<br><br>v.<br><br>The United States,<br><br>*Defendant*,<br><br>Committee Overseeing Action for Lumber International Trade Investigations or Negotiations, *et al.*,<br><br>*Defendant-Intervenors*. | **Consol. Court No. 1:23-cv-00187-JCG** |

**CANADIAN PARTIES'[1] RESPONSE IN OPPOSITION TO DEFENDANT'S
PARTIALLY UNOPPOSED MOTION TO AMEND SCHEDULING ORDER**

---

[1] The "Canadian Parties" filing this response are: **Plaintiffs** Government of Canada, Government of Alberta, Government of Québec, British Columbia Lumber Trade Council, Fontaine, Inc., Interfor Corporation, and Interfor Sales & Marketing Ltd.; **Consolidated Plaintiffs/Plaintiff-Intervenors** Canfor Corporation, Canadian Forest Products Ltd., Canfor Wood Products Marketing, Ltd., Tolko Industries, Ltd., Tolko Marketing & Sales, Ltd., Gilbert Smith Forest Products, Ltd., Resolute FP Canada Inc., Conseil de l'industrie forestière du Québec, and Ontario Forest Industries Association; and **Plaintiff-Intervenors** Government of Ontario, Carrier Forest Products, Ltd., Carrier Lumber, Ltd., Chaleur Forest Products Inc., Chaleur Forest Products L.P., Olympic Industries, Inc., Olympic Industries ULC, West Fraser Mills, Ltd., J.D. Irving, Limited,

The Canadian Parties hereby respond to the February 2, 2026, Defendant's Partially Unopposed Motion to Amend Scheduling Order filed by Defendant, the United States.[2]  The Government's Motion for Extension asks the Court to extend by 45 days the deadline for the United States Department of Commerce ("Commerce") to file its remand determination in this proceeding.

Although the Canadian Parties were prepared to consent to a reasonable request from the Government for more time—and offered to reduce their own time for filing briefs in order to accommodate a more modest extension for the Government without delaying the completion of briefing—the Motion for Extension is not such a request and the Government has not articulated good cause for granting *any* extension of time under the circumstances.  The Court should, therefore, deny the Motion for Extension.

This Court issued its Remand Order on June 17, 2025,[3] directing further proceedings in conformity with the decision by the United States Court of Appeals for the Federal Circuit ("Federal Circuit") in *Marmen Inc. v. United States*.[4]  The Court set a deadline of February 20, 2026, for Commerce to file its remand determination, followed by briefing in opposition to and in support of the remand determination, with submissions to conclude on June 1, 2026, with the filing of the Joint Appendix.[5]

---

Delco Forest Products Ltd., Devon Lumber Co. Ltd., H.J. Crabbe & Sons Ltd., Langevin Forest Products Inc., Marwood Ltd., North American Forest Products Ltd., and Twin Rivers Paper Co. Inc.

[2] ECF No. 171 ("Motion for Extension").

[3] Remand and Scheduling Order (June 17, 2025), ECF No. 160 ("Remand Order").

[4] *Id*. (citing 134 F.4th 1334 (2025)).

[5] *See id*.

Just two weeks after this Court issued the Remand Order, Commerce began applying its "Price Difference Test" in place of the now unusable Cohen's *d* test.[6]  Since July 1, 2025, Commerce appears to have applied this test in every administrative and remand antidumping proceeding.  Application of this test involves replacing the SAS computer programming code that had been used to apply Cohen's *d* with SAS code that applies the Price Difference Test's two-percent threshold to the same data.  Since July 2025, when Commerce adopted the Price Difference Test to replace the Cohen's *d* test, Commerce has applied this replacement test in more than 70 proceedings and to approximately one hundred different respondents' data.[7]

Commerce has indicated that it intends to apply the same cookie-cutter approach to this case.  Commerce's December 22, 2025 Draft Remand Results of Redetermination Pursuant to Court Remand ("Draft Remand Results") consisted of eight pages total, swapping out the defunct Cohen's *d* test with the new Price Difference Test.  Commerce did not reopen the administrative record, nor did it need to develop new procedures or tools (*e.g.*, the computer programming) to apply its test to the respondents' data.

Although the Canadian Parties believe that the evidence and arguments in this proceeding present particularly compelling grounds for finding Commerce's new test unlawful, the Government has not asserted that—from Commerce's perspective—this case presents any unique issues regarding the agency's approach to applying its new test.[8]  Commerce has not

---

[6] *See Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed. Reg. 30,050 (Dep't of Commerce July 1, 2025), and accompanying Issues and Decision Memorandum ("Pipes and Tubes from Korea IDM") ("In the first stage of the differential pricing analysis used here, the 'price difference test' is applied to determine whether prices differ significantly.").

[7] *See* Appendix (collecting Commerce determinations applying the Price Difference Test).

[8] The Government declares that: "This particular remand involves certain comments that are different, and this remand involves an entirely different set of U.S. Sales data when compared to

engaged in any case-specific analysis in its application of its Price Difference Test in the Draft

Remand Results and has not argued that it needs more time to engage in such analysis here.

Once a scheduling order has been issued, it may be modified only for good cause and

with the consent of the Court.[9]  To demonstrate good cause, the movant has the burden to show

that the deadline for which an extension is sought cannot reasonably be met despite the movant's

diligent efforts to comply with the schedule.[10]  The Government's arguments about the effects of

the federal government shutdown and Commerce's workload do not amount to a showing that

good cause exists for any extension, much less the 45 days that the Government has requested.

The Government argues that an extension is necessary because it would be "unfair for

Commerce to have less time to complete the remand than originally had been contemplated by

the Court's Remand Order, merely because of the lapse in appropriations that was entirely

beyond Commerce's control."[11]  As detailed below, this argument fails to support a showing of

good cause for two reasons:  (1) it provides no factual support for the proposition that Commerce

has acted diligently to comply with the Court's scheduling order and, (2) more importantly, the

argument focuses on the wrong task.  The relevant question is whether Commerce, having

already issued and received comments on its Draft Remand Results, has sufficient time to

produce its final remand determination.  It does.

---

other remands that concern differential pricing issues."  Motion for Extension at 3.  This is the
extent of the Government's effort to address the particulars of this case, but the same statement
would apply in every case.

[9] USCIT R.16(b)(4).

[10] *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013).

[11] Motion for Extension at 4.

First, when "assessing whether good cause has been shown, the primary consideration is whether the moving party can demonstrate diligence." [12]  The Government has not made any attempt to demonstrate diligence over the course of the remand proceedings, including prior to the government shutdown.  Instead, it simply declares that "Commerce diligently began implementing the Court's order, but had to stop work for 43 days, beginning on October 1, 2025, due to the lapse in appropriations."[13]  This unsupported statement, which fails to identify any specific (or even general) activity by Commerce related to this proceeding, does not come close to demonstrating diligence.

Indeed, given the nature of the remand and the uniform approach that Commerce has taken to implement the direction of this Court and the Federal Circuit,[14] it is difficult to

---

[12] *See High Point Design*, 730 F.3d at 1319.

[13] *See* Motion for Extension at 3.

[14] In the Draft Remand Results, Commerce provided the same analysis, using nearly the same exact language, as it has in other proceedings. *Compare* Draft Remand Results at 2-3 ("To comply with the Federal Circuit's holdings in *Marmen*, Commerce discontinued the use of the Cohen's *d* test in administrative proceedings and adopted a new test for evaluating whether price differences among purchasers, regions, or time periods are significant.  Additionally, and concurrent with this change, Commerce also discontinued the use of the 'mixed comparison method' in administrative proceedings.  In its revised differential pricing analysis, Commerce adopted the 'price difference test' as part of its differential pricing analysis to determine whether prices differ significantly.") *with, e.g.*, *Marmen Inc. v. United States*, CIT No. 20-00169, Final Results of Redetermination Pursuant to Court Remand (Jan. 30, 2026), ECF No. 101 ("*Marmen* Final Remand Results") at 7-8 ("To comply with the Federal Circuit's holding, Commerce discontinued the use of the Cohen's *d* test in administrative proceedings and adopted a new test for evaluating whether price differences among purchasers, regions, or time periods are significant.  Additionally, and concurrent with this change, Commerce also discontinued the use of the 'mixed method' in administrative proceedings.  In its revised differential pricing analysis, Commerce adopted the 'price difference test' as part of its differential pricing analysis to determine whether prices differ significantly.").

*See also, e.g.*, DOC Case No. A-201-836, *Maquilacero S.A. de C.V. and Tecnicas de Fluidos S.A. de C.V. and Perfiles LM, S.A. de C.V.  v. United States*, Consol. Court No. 23-00091 (CIT June 17, 2025), Light-Walled Rectangular Pipe and Tube from Mexico, Draft Results of Redetermination Pursuant to Court Remand (Jan. 9, 2026) at 3-4; DOC Case No. A-580-880,

contemplate why Commerce would have needed a full six months to generate the eight-page

Draft Remand Results that it issued on December 22, 2025.  The Government has not offered

any explanation of the work required to comply with the Court's Remand Order, any description

of the diligent activities that may have been derailed by the lapse in appropriations that occurred,

nor any information specific to this case.  Once again, the Government has failed to demonstrate

diligence or any other good cause for an extension in this proceeding.

Second, the Government's arguments focus on the wrong issue.  The relevant question is

not whether "it would be unfair for Commerce to have less time to complete the remand than

originally had been contemplated by the Court's June 17, 2025 order."[15]  Instead, the relevant

question is whether the Government has shown that the deadline for which an extension is

sought cannot reasonably be met despite diligent efforts to comply with the schedule.[16]

Commerce has already issued the Draft Remand Results (on December 22, 2025) and

received comments from interested parties (on January 5, 2026).[17]  The question, thus, is

whether, if it exercises diligence, Commerce now has sufficient time from its receipt of

---

*HiSteel Co. Ltd. v. United States*, Court No. 22-00142 (CIT August 20, 2025), Heavy Walled
Rectangular Welded Carbon Steel Pipes and Tubes from the Republic of Korea, Draft Results of
Redetermination Pursuant to Court Remand (Dec. 30, 2025) at 3; DOC Case No. A-428-850,
*Matra Americas, LLC et al v. United States*, 681 F. Supp. 3d 1339 (CIT 2024), Thermal Paper
from the Federal Republic of Germany, Final Results of Redetermination Pursuant to Court
Remand (August 29, 2025) at 6.

[15] *See* Motion for Extension at 4.

[16] *See High Point Design*, 730 F.3d at 1319.

[17] Determination of good cause for an extension does not involve an assessment of the movant's
due diligence relative to that of parties opposing the extension.  We note, however, that
interested parties did not seek additional time for commenting on Commerce's Draft Remand
Results despite their own competing deadlines, also exacerbated by the government shutdown,
and the two intervening holidays.  The Canadian Parties did not wish to introduce any potential
delay in these proceedings.

6

comments on its Draft Remand Results to file its remand determination by the deadline set by the

Court. That is the task for which the Government seeks an extension. The Government has not

even tried to explain why, in the exercise of diligence, Commerce has been or would be unable

to perform that task in the 46 days provided under the existing schedule. That failure warrants

denial of the Government's motion.

The Canadian Parties have a strong interest in the timely resolution of their claims in this

proceeding and do not believe that there is good cause for delay. However, in the interest of

accommodation, the Canadian Parties offered to consent to an alternative request for

modification of the Remand Order that would have provided Commerce with additional time

without delaying the completion of briefing.

Specifically, the Canadian Parties offered to consent to a 20-day extension (to March 12,

2026) of the deadline for Commerce to file its remand determination. To offset the proposed 20-

day extension for Commerce and avoid delaying the submission of briefs to the Court, the

Canadian Parties proposed to maintain the subsequent briefing schedule, thus effectively

reducing their own time to file oppositions to the remand determination.[18] The Government

rejected the proposal of the Canadian Parties and insisted that anything short of the full 45-day

extension would be insufficient. The Government's position cannot be reconciled with other

Cohen's *d* remand proceedings, where Commerce has operated under shorter timeframes. The

---

[18] The Court's Remand Order provided for 66 days between Commerce's filing of its remand
determination (February 20, 2026) and the deadline for comments in opposition to the remand
determination (April 27, 2026). Under the alternative timeline that the Canadian Parties
proposed, the parties would have requested that Commerce's deadline for filing the remand
determination be extended by 20 days (to March 12, 2026) while the deadline for parties to file
oppositions to the remand determination remain the same (April 27, 2025), an interval of 46
days. If measured from filing of the administrative record, which the Government has proposed
to file 14 days after the remand determination, the Canadian Parties' proposal would have
resulted in comments being due 32 days after the administrative record is filed (March 26, 2026).

Canadian Parties' compromise proposal in this case would have provided Commerce with *66 days* from its receipt of comments on its Draft Remand Results (January 5, 2026) until the deadline for Commerce to file its remand determination with the Court (March 12, 2026, as proposed).  In comparison, the Court granted the Government's request for an extension in *Marmen Inc. v. United States*, which allowed Commerce to file its remand determination *56 days* after interested parties submitted comments on the draft remand determination in that case.[19] Commerce met this deadline.  Likewise, in *Maquilacero S.A. de C.V. et al. v. United States*, also remanded on the same day as *Marmen* and this case, the Court's grant of Commerce's request for a 45-day extension gave Commerce *59 days* to file its remand determination after receipt of comments on the draft remand determination.[20]  An additional 45 days here would unfairly extend the length of this proceeding far beyond the time that proved sufficient in *Marmen* and *Maquilacero*.

The Canadian Parties are eager to see the Court adjudicate their claims regarding the remand as well as those that remain.  They have exercised and will continue to exercise great diligence in advancing this proceeding on a reasonably expeditious basis.  The Canadian Parties

---

[19] *See Marmen Inc. v. United States*, CIT No. 20-00169, Remand Order (June 17, 2025), ECF No. 95; *id.* Amended Scheduling Order (Dec. 10, 2025), ECF No. 98 (granting an unopposed motion for extension and setting a deadline of January 30, 2026, for Commerce to file its remand determination with the Court).  On remand in *Marmen*, interested parties submitted comments on Commerce's draft remand determination on December 5, 2025.  *See id. Marmen* Final Remand Results at 4 ("On December 5, 2025, we received comments from Marmen.").

[20] *See Maquilacero S.A. de C.V. et al. v. United States*, CIT No. 23-00091, Remand Order (June 17, 2025), ECF No. 78; *id.* Amended Scheduling Order (Jan. 26, 2026), ECF No. 82 (granting an unopposed motion for extension and setting a deadline of March 16, 2026, for Commerce to file its remand determination with the Court).  On remand in *Maquilacero*, interested parties submitted comments on Commerce's draft remand determination on January 16, 2026.  *See* DOC Case No. A-201-836, Maquilacero S.A. de C.V.'s Comments on the Draft Results of Redetermination Pursuant to the Remand Order in Court No. 23-00091 (Jan. 16, 2026); *id.* Perfiles LM S.A. de C.V. on the Draft Redetermination on Remand (Jan. 16, 2026).

respectfully request that this Court deny Defendant's Motion for Extension, which does not

articulate good cause for an extension, much less for the delay it would entail.

Respectfully submitted,

*/s/ Eric S. Parnes*
Eric S. Parnes
Joanne E. Osendarp
Lynn Kamarck
Alan Kashdan
**Blank Rome LLP**
1825 Eye Street, NW
Washington, DC 20006
Tel: (202) 420-5479
Email: eric.parnes@blankrome.com
*Counsel to the Government of Canada*

*/s/ Lynn Fischer Fox*
Lynn Fischer Fox
Gina M. Colarusso
Archana Rao P. Vasa
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel: (202) 942-5601
Email: lynn.fischerfox@arnoldporter.com
*Counsel to the Government of Alberta*

*/s/ H. Deen Kaplan*
H. Deen Kaplan
Jonathan T. Stoel
**Hogan Lovells US LLP**
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5799
Email: deen.kaplan@hoganlovells.com
*Counsel to the Government of Ontario*

*/s/ Nancy Noonan*
Nancy Noonan
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6479
Email: nancy.noonan@afslaw.com
*Counsel to the Government of Québec*

*/s/ Amy J. Lentz*
Amy J. Lentz
Stephanie Wang
**Steptoe LLP**
1330 Connecticut Avenue, NW
Suite 578
Washington, DC 20036
Tel: (202) 429-1320
Email: alentz@steptoe.com
*Counsel to the British Columbia Lumber
Trade Council*

9

/s/ Mark B. Lehnardt
Mark B. Lehnardt
**Law Offices of David L. Simon, PLLC**
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
Tel: (202) 642-4850
Email: MarkLehnardt@DLSimon.com
*Counsel to Fontaine Inc.*

/s/ Diana Dimitriuc Quaia
Diana Dimitriuc Quaia
Matthew Nolan
Mario Torrico
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6291
Email: diana.dimitriuc-quaia@afslaw.com
*Counsel to Interfor Corporation, Interfor Sales and Marketing Ltd., Chaleur Forest Products, Inc. and Chaleur Forest Products, L.P.*

/s/ Henry D. Almond
Henry D. Almond
Kang Woo Lee
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel: (202) 942-5698
Email: henry.almond@apks.com
*Counsel to Tolko Industries Ltd., Tolko Marketing & Sales Ltd., and Gilbert Smith Forest Products Ltd.*

/s/ R. Will Planert
R. Will Planert
Donald B. Cameron
Julie C. Mendoza
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Nicholas C. Duffey
Edward J. Thomas
**Taft Stettinius & Hollister LLP**
1333 New Hampshire Avenue, NW
Suite 800
Washington, DC 20036
Tel.: (202) 216-4819
Email: wplanert@taftlaw.com
*Counsel to Canfor Corporation, Canadian Forest Products, Ltd., and Canfor Wood Products Marketing Ltd.*

/s/ Donald Harrison
Donald Harrison
**Gibson, Dunn & Crutcher, LLP**
1050 Connecticut Avenue, NW
Suite 900
Washington, DC 20036-5306
Tel: (202) 955-8560
Email: dharrison@gibsondunn.com
*Counsel to West Fraser Mills Ltd.*

/s/ Jay Charles Campbell
Jay Charles Campbell
Allison Kepkay
Walter Spak
**White & Case, LLP**
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel: (202) 626-3632
Email: jcampbell@whitecase.com
*Counsel to J.D. Irving, Limited*

*/s/ Rajib Pal*
Rajib Pal
James Edward Mendenhall
**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Tel: (202) 736-8329
Email: rpal@sidley.com
*Counsel to Delco Forest Products Ltd., Devon Lumber Co. Ltd., H.J. Crabbe & Sons Ltd., Langevin Forest Products Inc., Marwood Ltd., North American Forest Products Ltd., and Twin Rivers Paper Co. Inc.*

*/s/ Jeffrey S. Grimson*
Jeffrey S. Grimson
Kristin H. Mowry
Yixin (Cleo) Li
**Mowry & Grimson, PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015-2052
Tel: (202) 688-3610
Email: jsg@mowrygrimson.com
*Counsel to Carrier Forest Products Ltd., Carrier Lumber Ltd., Olympic Industries Inc., and Olympic Industries ULC*

*/s/ Elliot J. Feldman*
Elliot J. Feldman
**Baker & Hostetler LLP**
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Tel: (202) 861-1783
Email: efeldman@bakerlaw.com
*Counsel to Resolute FR Canada Inc., Conseil de l'industrie forestiere du Quebec, and the Ontario Forest Industries Association*

11

# **Appendix**

| Determinations in 2025 Using the 'Price Difference' Test |
|---|
| Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from the Republic of Korea; 2022-2023 (July 1, 2025) (4786488-02) (98.91% pass rate for respondent HiSteel) |
| Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Certain Uncoated Paper from Brazil; 2023-2024 (July 3, 2025) (4788209-02) (100.00% pass rate for respondent Suzano) |
| Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Certain Steel Racks and Parts Thereof from the People's Republic of China; 2022-2023 (July 3, 2025) (4788243-02) (98.90% pass rate for respondent Jiangsu Nova) |
| Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Acetone from the Republic of Korea; and Rescission, In Part; 2023-2024 (July 7, 2025) (4789214-02) (unchanged in final); Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review of Acetone from the Republic of Korea; 2023-2024 (Nov. 19, 2025) (4848258-02) (100.00% pass rate for respondent KPB) |
| Decision Memorandum for the Preliminary Results of the 2023-2024 Administrative Review of the Antidumping Duty Order on Pentafluoroethane from the People's Republic of China (July 7, 2025) (4791219-02) (100.00% pass rate for respondent Sanmei) |
| Decision Memorandum for the Post Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Corrosion-Resistant Steel Products from the United Arab Emirates (July 8, 2025) (4790265-01) (unchanged in final); Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Corrosion-Resistant Steel Products from the United Arab Emirates (Aug. 25, 2025) (4815862-02) (97.48% pass rate for respondent AGIS; 81.34% pass rate for respondent UISC/UMC)) |
| Decision Memorandum for the Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Float Glass Products from Malaysia (July 9, 2025) (4790938-02) (77.31% pass rate for respondent Jinjing Malaysia; 96.04% pass rate for respondent Xinyi Malaysia) |
| Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Certain Passenger Vehicle and Light Truck Tires from Taiwan; 2023-2024 (July 15, 2025) (4794395-02) (21.27% pass rate for respondent Nankang) |
| Decision Memorandum for the Post Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Corrosion-Resistant Steel Products from the Republic of Türkiye (July 16, 2025) (4795168-01) (unchanged in final); Issues and Decision Memorandum for the Final Affirmative Determination of Sales at Less Than Fair Value in the Investigation of Certain Corrosion-Resistant Steel Products from the Republic of Türkiye (Aug. 25, 2025) (4815824-01) (61.71% pass rate for respondent Borcelik; 49.02% pass rate for respondent YDC) |
| Decision Memorandum for the Post Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Corrosion-Resistant Steel Products from the Socialist Republic of Vietnam (July 16, 2025) (4795154-01) (unchanged in final); Issues and Decision Memorandum for the Final Affirmative Determination of Sales at Less Than Fair Value in the Investigation of Certain Corrosion-Resistant Steel Products from the Socialist Republic of Vietnam (Aug. 25, 2025) (4815829-02) (85.01% pass rate for respondent HSG; 86.99% pass rate for respondent TDA) |
| Decision Memorandum for the Preliminary Results of the 2023-2024 Administrative Review of the Antidumping Duty Order on Diffusion-Annealed, Nickel-Plated Flat-Rolled Steel Products from Japan (July 17, 2025) (4796215-01) (67.68% pass rate for respondent Toyo Kohan) |
| Post-Preliminary Analysis for the Administrative Review of Sodium Nitrite from India; 2022-2024 (July 18, 2025) (4796733-01) (100.00% pass rate for respondent Deepak) |

| |
|---|
| Post-Preliminary Analysis for the Administrative Review of the Antidumping Duty Order on Carbon and Certain Alloy Steel Wire Rod from Mexico; 2022-2023 (July 18, 2025) (4796740-01) (unchanged in final); Issues and Decision Memorandum for the Final Results of Antidumping Duty Administrative Review: Carbon and Certain Alloy Steel Wire Rod from Mexico; 2022-2023 (July 29, 2025) (4802832-02) (96.14% pass rate for respondent Deacero; 90.82% pass rate for respondent TA 2000) |
| Post-Preliminary Analysis of the Administrative Review of the Antidumping Duty Order on Certain Cut-to-Length Carbon Quality Steel Plate Products from the Republic of Korea; 2023-2024 (July 18, 2025) (4797089-01) (unchanged in final); Issues and Decision Memorandum for the Final Results of Antidumping Duty Administrative Review: Certain Cut-to-Length Carbon-Quality Steel Plate Products from the Republic of Korea; 2023-2024 (Sept. 16, 2025) (4827856-02) (95.58% pass rate for respondent Dongkuk; 96.10% pass rate for respondent Hyundai) |
| Post-Preliminary Analysis of the Antidumping Duty Administrative Review of Certain Aluminum Foil from the Sultanate of Oman (July 18, 2025) (4797545-01) (unchanged in final); Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Certain Aluminum Foil from the Sultanate of Oman; 2022-2023 (Sept. 8, 2025) (4823073-02); Analysis of Ministerial Error Allegations (Dec. 17, 2025) (4856286-02) (98.18% pass rate for respondent OARC) |
| Post-Preliminary Analysis for the Antidumping Duty Administrative Review of Certain Aluminum Foil from Brazil (July 18, 2025) (4798390-01) (unchanged in final); Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Certain Aluminum Foil from Brazil; 2022-2023 (Sept. 8, 2025) (4823677-02) (74.91% pass rate for respondent CBA) |
| Post-Preliminary Analysis in the Less-Than-Fair-Value Investigation of Hexamethylenetetramine from Germany (July 18, 2025) (4797971-01) (unchanged in final); Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Hexamethylenetetramine from Germany (Sept. 18, 2025) (4828724-02) (100.00% pass rate for respondent Prefere) |
| Post-Preliminary Analysis of the Administrative Review of Certain Hot-Rolled Steel Flat Products from Japan (July 18, 2025) (4797901-01) (unchanged in final); Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review: Certain Hot-Rolled Steel Flat Products from Japan; 2022-2023 (Aug. 11, 2025) (4809411-02) (99.58% pass rate for respondent Nippon Steel; 0.00% pass rate for respondent Tokyo Steel) |
| Post-Preliminary Analysis of the Administrative Review of Certain Oil Country Tubular Goods from Mexico; 2022-2023 (July 18, 2025) (4798346-01) (unchanged in final); Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order: Certain Oil Country Tubular Goods from Mexico; 2022-2023 (Sept. 2, 2025) (4820095-02) (42.65% pass rate for respondent TAMSA) |
| Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review: Heavy-Walled Rectangular Welded Carbon Steel Pipes and Tubes from Mexico; 2022-2023 (July 21, 2025) (4798160-02) (99.54% pass rate for respondent Prolamsa; 99.62% pass rate for respondent Maquilacero) |
| Post-Preliminary Analysis for the 2022-2023 Antidumping Duty Administrative Review of Welded Line Pipe from the Republic of Korea (July 22, 2025) (4798566-01) (unchanged in final); Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Welded Line Pipe from the Republic of Korea; 2022-2023 (Dec. 29, 2025) (4859516-01) (87.44% pass rate for respondent Hyundai; 92.03% pass rate for respondent SeAH) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Large Diameter Welded Pipe from the Republic of Türkiye; 2023-2024 (July 22, 2025) (4799080-02) (70.00% pass rate for respondent HDM) |
| Issues and Decision Memorandum for the Final Results of the 2023 Administrative Review of the Antidumping Duty Order on Certain Softwood Lumber Products from Canada (July 24, 2025) (4800691-02) (98.62% pass rate for respondent Canfor; 96.25% pass rate for respondent West Fraser) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Carbon and Alloy Steel Wire Rod from the Republic of Korea; 2023-2024 (July 29, 2025) (4802982-02) (75.66% pass rate for respondent POSCO) |

| |
|---|
| Post-Preliminary Analysis in the 2022-2023 Administrative Review of the Antidumping Duty Order on Forged Steel Fittings from the Republic of Korea (July 30, 2025) (4803394-01) (unchanged in final); Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review of Forged Steel Fittings from the Republic of Korea; 2022-2023 (Sept. 17, 2025) (4828207-02) (60.49% pass rate for respondent Samyoung) |
| Decision Memorandum for Preliminary Results of Antidumping Duty Administrative Review of Common Alloy Aluminum Sheet from the Kingdom of Bahrain; 2023-2024 (Aug. 1, 2025) (4804961-02) (85.21% pass rate for respondent GARMCO) |
| Decision Memorandum for the Preliminary Results of the 2023-2024 Administrative Review of the Antidumping Duty Order on Common Alloy Aluminum Sheet from the Republic of Türkiye; 2023-2024 (Aug. 1, 2025) (4804978-02) (93.78% pass rate for respondent Assan; 93.78% pass rate for respondent Teknik) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China; 2023-2024 (Aug. 5, 2025) (4806475-02) (97.70% pass rate for respondent Dingli) |
| Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review: 1,1,1,2-Tetrafluoroethane (R-134a) from the People's Republic of China; 2023-2024 (Aug. 5, 2025) (4806533-02) (0.00% pass rate for respondent Zhejiang Sanmei) |
| Decision Memorandum for the Preliminary Results and Partial Rescission of the 2023-2024 Antidumping Duty Administrative Review of Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China (Aug. 5, 2025) (4806541-02) (81.20% pass rate for respondent Ancientree; 75.00% pass rate for respondent KM) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Carbon and Alloy Steel Threaded Rod from India; 2023-2024 (Aug. 5, 2025) (4806545-02) (99.61% pass rate for respondent Mangal) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Common Alloy Aluminum Sheet from the Sultanate of Oman; 2023-2024 (Aug. 5, 2025) (4806587-02) (74.41% pass rate for respondent OARC) |
| Decision Memorandum for the Preliminary Results of the 2023-2024 Administrative Review of the Antidumping Duty Order on Certain Aluminum Foil from the People's Republic of China (Aug. 5, 2025) (4806586-02) (71.94% pass rate for respondent Dingsheng; 76.84% pass rate for respondent Zhongji) |
| Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Common Alloy Aluminum Sheet; 2023-2024 (Aug. 5, 2025) (4806606-02) (0.00% pass rate for respondent CSAC) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Certain Activated Carbon from the People's Republic of China; 2023-2024 (Aug. 5, 2025) (4806731-02) (14.00% pass rate for respondent DJAC; 20.70% pass rate for respondent Ningxia Huahui) |
| Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Common Alloy Aluminum Sheet from South Africa; 2023-2024 (Aug. 5, 2025) (4806840-02) (0.00% pass rate for respondent Hulamin Operations) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Steel Concrete Reinforcing Bar from the Republic of Türkiye; 2023-2024 (Aug. 5, 2025) (4807179-02) (92.51% pass rate for respondent Colakoglu) |
| Post-Preliminary Analysis for the Affirmative Preliminary Determination in the Less-Than-Fair-Value Investigation of Hard Empty Capsules from Brazil (Aug. 7, 2025) (4807618-01) (unchanged in final); Issues and Decision Memorandum for the Final Affirmative Determination of Sales at Less Than Fair Value in the Investigation of Hard Empty Capsules from Brazil (Dec. 18, 2025) (4856828-02) (99.98% pass rate for respondent ACG Brazil) |

| |
|---|
| Decision Memorandum for the Preliminary Results of the 2023-2024 Administrative Review of the Antidumping Duty Order on Certain Carbon and Alloy Steel Cut-To-Length Plate from the Federal Republic of Germany (Aug. 7, 2025) (4807624-02) (19.48% pass rate for respondent Dillinger) |
| Decision Memorandum for the Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Temporary Steel Fencing from the People's Republic of China (Aug. 13, 2025) (4810587-02) (82.60% pass rate for respondent SD) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Large Diameter Welded Pipe from the Republic of Korea; 2023-2024 (Aug. 14, 2025) (4811061-02) (68.21% pass rate for respondent Hyundai Steel/HSP; 65.72% pass rate for respondent SeAH) |
| Finished Carbon Steel Flanges from Spain: Decision Memorandum for Preliminary Results of Antidumping Duty Administrative Review; 2022-2023 (Aug. 19, 2025) (4812637-02) (90.52% pass rate for respondent ULMA) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review: Citric Acid and Certain Citrate Salts from Belgium; 2023-2024 (Aug. 19, 2025) (4812650-02) (100.00% pass rate for respondent Citribel) |
| Post-Preliminary Analysis for the Affirmative Determination in the Less-Than-Fair-Value Investigation of Hexamethylenetetramine from India (Aug. 20, 2025) (4812777-01) (unchanged in final); Issues and Decision Memorandum for the Final Affirmative Determination of Sales at Less Than Fair Value in the Investigation of Hexamethylenetetramine from India (Dec. 18, 2025) (4828717-02) (58.95% pass rate for respondent Kanoria) |
| Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review of Certain Hot-Rolled Steel Flat Products from the Netherlands; 2023-2024 (Aug. 27, 2025) (4817190-02) (89.97% pass rate for respondent TSIJ) |
| Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review of Certain Stilbenic Optical Brightening Agents from Taiwan; 2023-2024 (Aug. 29, 2025) (4819128-01) (98.52% pass rate for respondent TFM) |
| Issues and Decision Memorandum for the Final Results of Antidumping Duty Administrative Review: Steel Concrete Reinforcing Bar from Mexico; 2022-2023 (Aug. 29, 2025) (4819130-02) (99.80% pass rate for respondent Deacero; 4.50% pass rate for respondent T.A. 2000) |
| Post-Preliminary Analysis for the Affirmative Determination in the Less-Than-Fair-Value Investigation of Hard Empty Capsules from India (Sept. 5, 2025) (4822062-01) (unchanged in final); Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Hard Empty Capsules from India (Dec. 18, 2025) (4857152-02) (89.93% pass rate for respondent ACG; 96.09% pass rate for respondent HIL) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Silicomanganese from India; 2023-2024 (Sept. 5, 2025) (4822409-02) (20.12% pass rate for respondent MAL) |
| Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Certain Steel Nails from the United Arab Emirates; 2023-2024 (Sept. 5, 2025) (4822447-01) (96.43% pass rate for respondent Rich Well) |
| Decision Memorandum for Preliminary Results of the Antidumping Duty Administrative Review of Certain Carbon and Alloy Steel Cut-To-Length Plate from the Republic of Korea; 2023-2024 (Sept. 5, 2025) (4822442-02) (82.89% pass rate for respondent POSCO) |
| Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Certain Carbon and Alloy Steel Cut-To-Length Plate from Belgium; 2023-2024 (Sept. 5, 2025) (4822639-02) (81.34% pass rate for respondent Industeel) |
| Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Non-Refillable Steel Cylinders from the People's Republic of China, 2023-2024 (Sept. 5, 2025) (4822641-02) (44.10% pass rate for respondent Wuyi Xilinde) |
| Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Polyethylene Terephthalate Resin from the Sultanate of Oman; 2023-2024 (Sept. 5, 2025) (4822758-02) (99.67% pass rate for respondent OCTAL) |

Decision Memorandum for Preliminary Results of the Antidumping Duty Administrative Review of Citric Acid and Certain Citrate Salts from the People's Republic of China; 2023-2024 (Sept. 5, 2025) (4822983-02) (74.60% pass rate for respondent RZBC)

Decision Memorandum for Preliminary Results of the Administrative Review of the Antidumping Duty Order on Circular Welded Carbon Steel Standard Pipe and Tube Products from the Republic of Türkiye; 2023-2024 (Sept. 5, 2025) (4823017-02) (97.77 pass rate for respondent Borusan)

Decision Memorandum for Preliminary Results of the Administrative Review of the Antidumping Duty on Glycine from Japan; 2023-2024 (Sept. 12, 2025) (4826558-02) (100.00% pass rate for respondent YGK/Nagase)

Decision Memorandum for the Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Chassis and Subassemblies Thereof from the Socialist Republic of Vietnam (Sept. 24, 2025) (4830918-02) (3.25% pass rate for respondent Thaco)

Decision Memorandum for the Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Chassis and Subassemblies Thereof from Thailand (Sept. 24, 2025) (4831031-02) (95.08% pass rate for respondent Dee Siam)

Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Raw Honey from Brazil; 2023 - 2024 (Sept. 25, 2025) (4831721-02) (95.41% pass rate for respondent Melbras; 95.95% pass rate for respondent Minamel)

Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Prestressed Concrete Steel Wire Strand from Malaysia and Partial Rescission; 2023-2024 (Sept. 26, 2025) (4832425-02) (99.73% pass rate for respondent Kiswire; 22.71% pass rate for respondent Wei Dat)

Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Raw Honey from India; 2023-2024 (Sept. 26, 2025) (4832437-02) (95.85% pass rate for respondent Indocan; 100.00% pass rate for respondent Shakti)

Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Glycine from India; 2023-2024 (Sept. 26, 2025) (4832657-02) (100.00% pass rate for respondent Kumar; 83.55% pass rate for respondent Paras)

Decision Memorandum for the Preliminary Results of the 2023-2024 Administrative Review of the Antidumping Duty Order on Prestressed Concrete Steel Wire Strand from Spain (Sept. 26, 2025) (4832703-02) (97.93% pass rate for respondent TYCSA)

Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Chlorinated Isocyanurates from Spain; 2023-2024 (Sept. 29, 2025) (4833433-02) (100.00% pass rate for respondent Ercros)

Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India; 2023-2024 (Sept. 29, 2025) (4833442-02) (90.08% pass rate for respondent Goodluck; 94.69% pass rate for respondent TII)

Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Raw Honey from Argentina; 2023-2024 (Sept. 29, 2025) (4833457-02) (97.78% pass rate for respondent ACA; 94.93% pass rate for respondent NEXCO)

Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Polyethylene Terephthalate Film, Sheet, and Strip from Taiwan; 2023-2024 (Sept, 29, 2025) (4833474-01) (87.23% pass rate for respondent Nan Ya)

Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review of Raw Honey from the Socialist Republic of Vietnam; 2023-2024 (Sept. 29, 2025) (4833766-02) (100.00% pass rate for respondent BMT; 97.70% pass rate for respondent DakHoney)

Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Chlorinated Isocyanurates from the People's Republic of China; 2023-2024 (Sept. 29, 2025) (4833435-02) (55.40% pass rate for respondent Heze Huayi; 0.00% pass rate for respondent Kangtai)

Decision Memorandum for the Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Polypropylene Corrugated Boxes from the Socialist Republic of Vietnam (Dec. 22, 2025) (4858125-02) (76.80% pass rate for respondent Jia Bao Rui)

| |
|---|
| Decision Memorandum for the Preliminary Results of the Administrative Review of the 2023-2024 Antidumping Duty Order on Certain Steel Nails from the Republic of Korea (Dec. 29, 2025) (4859521-01) (82.88% pass rate for respondent Je-il; 94.43% pass rate for respondent KOWIRE) |
| Decision Memorandum for the Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Monomers and Oligomers from the Republic of Korea (Dec. 30, 2025) (4859915-02) (93.67% pass rate for respondent Green Chemical; 63.84% pass rate for respondent Miwon) |